Henry Mains *et al.,* Appellants, v. Des Moines National Bank.

**Vacation of Stipulated Judgment:** Casualty and misfortune. A judgment cannot be vacated, under Code, section 4091, prescribing that a judgment may be vacated for unavoidable casualty and misfortune, where it was entered on a written stipulation and agreement of the parties.

**Fraud in obtaining:** *What is not.* Where a mortgagor signed a stipulation consenting to a judgment of foreclosure on a promise by the mortgagee to make an accounting thereafter, and to credit any amount to the mortgagors which should have been credited, the judgment ren-

dered on such stipulation will not be set aside for the mortgagee's failure to make the accounting, under Code, section 4091, providing that a judgment may be vacated for fraud in obtaining the same.

DURESS:  *Pleading.*  The appointment of a receiver, by stipulation of the parties in foreclosure proceedings, will not be set aside for duress consisting of the mortgagee's threats to criminally prosecute one of the mortgagors, a son of the co-mortgagor, for selling the mortgaged chattels without the mortgagee's consent where the complaint did not clearly allege that the other mortgagor, the father, had been influenced by such threats.

**Judgment of Foreclosure:**  EVIDENCE: *Stipulation of consent.* A written stipulation by a mortgagor, consenting to a rendering of a judgment of foreclosure, is sufficient evidence to warrant the rendering of such judgment.

**Ruling Without Hearing:**  HARMLESS ERROR. The striking from the files of a motion to correct the rulings and vacate a judgment without a hearing thereof, though irregular, was not prejudicial error, where an order overruling such motion would have been properly entered.

*Appeal from Guthrie District Court.*—HON. J. D. GAMBLE AND J. H. APPLEGATE, Judges.

THURSDAY, APRIL 11, 1901.

THIS is a proceeding, entitled in equity, to vacate a judgment against plaintiffs, which was rendered in defendant's favor. A demurrer to the petition was sustained by Gamble, Judge. Plaintiffs refusing to amend, judgment was rendered against them for costs. Thereafter they filed a motion to set aside that judgment, and such motion, on defendant's application, was stricken from the files by Applegate, Judge. From such judgment and ruling, plaintiffs appeal.— *Affirmed.*

*Thomas D. Crane* and *Henry B. Holsman* for appellants.

*Charles L. Powell* and *John W. Foster* for appellee.

WATERMAN, J.—The petition, with its various amendments, makes a very voluminous document. In its recital of facts many matters are set out which led up to the transaction complained of, and yet which are not essential to a determination of the issues presented by the demurrer. We shall venture to abridge the statement of facts.

Henry Mains and his son and co-plaintiff, John P. Mains, each was at one time the owner of a large farm in Guthrie county, and of considerable personal property. The latter was heavily indebted, his father and the defendant being among his creditors. In order to raise money to pay these debts, John P. conveyed his land to his father, and the latter (omitting some intervening transactions of no moment on this hearing) made a mortgage to the defendant, covering both his own land and that which had been so conveyed to him by his son. Certain chattel mortgages seem also to have been made to defendant by both Henry and John P. Mains. A foreclosure proceeding was begun on all these mortgages. In this action a receiver was appointed for the property, and on the twenty-first day of June, 1898, judgment was rendered in said action against both father and son for $19,955.46, with interest and costs, and a decree was entered foreclosing the mortgages. The receiver was appointed, and the decree rendered on a written stipulation of consent, signed by plaintiffs, and also by their attorneys. This decree is the subject of the present attack.

I.   First, it is claimed the consent of plaintiffs to the appointment of the receiver was procured by duress; and, next, that they are not indebted in any manner to defendant, and consented to the judgment and decree against them only because of a promise on the part of defendant that a full statement of account between plaintiffs and said defendant should be made, and that credit should be given upon said judgment of all sums which such accounting showed ought to have been credited upon the notes on

which the judgment was founded; and it is charged no accounting was made and no credit given, although some six months have elapsed since the rendition of the judgment. There was a demurrer to this petition, which set forth nine grounds. We may say here that the petition was amended twice, and as so changed by the second amendment was again demurred to; but, as the amendment is immaterial for present purposes, we shall give it no further attention. The second demurrer was a reproduction of the first, the grounds of which we now summarize: (1) The facts and circumstances shown do not constitute fraud or unavoidable casualty and misfortune. (2) The fraud claimed was in part antecedent to the judgment, and did not inhere in it. (3) The rendition of the judgment upon the stipulation was a mere irregularity. (4) The fraud complained of occurred in part after the rendition of the judgment, in that defendant merely failed to give promised credits on the judgment. (5) The petition shows the judgment was the result of a written contract and stipulation signed by all the parties hereto, which cannot be varied by oral testimony. (6) It appears from such stipulation attached to the petition that certain concessions were made to plaintiffs at the time it was signed and certain property on which the defendant was asserting its lien was turned over to them in consideration of their signing said agreement, and plaintiffs have made no effort to restore defendant to its original position. (7) Parol evidence could not be received to vary the terms of such agreement. (8) Plaintiffs' amended petition shows that defendant was to account only if the figures for so doing were available, and there is no allegation that they were so available. (9) All alleged oral agreements relied upon to show fraud were prior to, and merged in, the written contract.

We shall not have occasion to consider any other than the first and third of these grounds.

Before taking up the issues presented by the demurrer, it may be well to state that this action is brought under section 4091 of the Code, which specifies six different grounds for vacating a judgment. It is sufficient we think, without setting them out, for us to say that, under the facts stated in the petition, but two of these grounds are applicable, viz. fraud, and perhaps irregularity, in obtaining the judgment. Something is claimed by plaintiffs because of unavoidable casualty and misfortune, which is one ground of relief under this section. But, as they consented to the rendition of this judgment, it is manifest that their position on this matter is not tenable. If they are to escape the consequence of their own acts, it must be on the ground of fraud or irregularity. So, we shall consider the first ground of demurrer at length on the issue of fraud only.

II. We come now to the specific questions presented for review. First, it is averred that plaintiff's consent to the appointment of a receiver was procured through duress, which consisted in threats made by the bank officers to John P. Mains of prosecuting him criminally for the sale of some of the mortgaged chattels without the consent of the mortgagee. It is recited by plaintiffs that such a sale had been made, but it is said that Mains intended to pay over the proceeds to the bank. Without going further into detail in this matter, it is enough to say there is no allegation that such threats were ever communicated to Henry Mains, who was the sole owner of the real estate. It does not appear that he was in any manner influenced by them when he signed the stipulation. It is true the receiver took possession of some personalty belonging to John P. Mains, but how much in value, or what kind, save in a most general way, does not appear. It is shown, however, by the decree in the foreclosure action, that the receiver was directed to sell all personalty at once, and if he has done this, and nothing to the contrary appears, defendant's lien should not.

now be wholly destroyed by discharging such receiver, and turning the proceeds over to the debtors.

There was a separate allegation in the petition of wrong-doing in obtaining the appointment of the receiver, and a specific prayer for his discharge. For this reason, we have considered this matter as a distinct issue.

III. We have next to inquire as to the complaints made of the judgment. Some facts alleged by plaintiffs in this connection have no bearing on the issue as we view it. For instance, it is urged that Henry Mains was an old man, unable to write or read writing, and that his son, because of a failure of eyesight, could not read; but whatever effect these matters might have, if we were investigating the state of the accounts between the parties, they certainly have no bearing on the question of whether this judgment, taken with plaintiffs' consent, on the strength of a promise of a future accounting and possible credit, should be set aside. Neither is it material that there were confidential relations between plaintiffs and the president of the defendant bank, because, for the purpose of this inquiry, we must assume that the promise to account was made, and that plaintiffs relied thereon. We have, then, this state of facts, shown by the petition: Plaintiffs knowingly consented that judgment might be taken against them for the amount claimed by the bank, and that a decree of foreclosure should be entered on the mortgages in suit, relying upon a promise of the creditor to make an accounting thereafter, and to credit on the judgment any amount which such accounting might show should have been credited on the notes. While, as we have said, this action is entitled in equity, it is in fact a proceeding at law for the vacation of the judgment on statutory grounds. Indeed, it is questionable whether equity could grant relief upon any save statutory grounds, although it might, upon a proper showing, entertain such application after the expiration of the year within which, by the terms of section 4094.

proceedings at law must be commenced.  See *Bowen v. Mill Co.*, 31 Iowa, 460; *Lumpkin v. Snook,* 63 Iowa, 515; *Mc-Conkey v. Lamb,* 71 Iowa, 636.  The judgment defendants, as we have said, consented to the rendition of this judgment for the amount that was entered.  They were in no wise deceived as to the record that was made up.  To allow them now to set it aside, because the judgment creditor did not keep a promise made to do something after the rendition of the judgment, would be in the nature of trifling with the court, and would tend to destroy the  security  of  judgments.  It is averred in the petition that plaintiffs, before judgment, were fully aware of the defense they now urge, and had retained an attorney to present it.  In the face of all this they assented to the court's action and as appears, did so with the approbation of their attorney.  It is manifest they  were  not  deceived  as  to  any  event  which they  expected  would  transpire  before  judgment  was rendered.  Let  us  suppose  that  a  debtor's  assent  to the  rendition  of  the  judgment  is  procured  through a  promise  by  the  creditor  that  he  will  not  cause execution to issue until after a certain time has elapsed; would it be contended that, if execution was issued before the lapse of such time, the debtor could have the judgment set aside?  We take it not.  *Lumpkin v. Snook, supra,* is a case in principle somewhat like this.  Plaintiffs there were mechanic's lien holders, and defendant held a mortgage on the same property.  Plaintiffs claimed their lien to be superior to the mortgage, so far as related to the improvements made by the materials they furnished.  Defendant began foreclosure proceedings, making plaintiffs parties defendant, and, to induce them not to appear and assert the priority of their lien, Snook promised to pay it in full.  He obtained a decree, and, on his refusal to pay as agreed, Lumpkin *et al.* institute proceedings to vacate the jurgment under section 3154, Code 1873, which was substantially the same as pres-

ent section 4091.    In passing upon the matter, Reed, J.,
speaking for the court, said: "The act of the defendant of
which plaintiffs complain is that he, with intent to mislead
them and to induce them not to appear and assert the prior-
ity of their lien upon the premises over the lien which he
was seeking to establish by the action, agreed with
them that he would pay them the full amount
of their claim; and they allege they relied on
this agreement, and were induced by it to forbear making
any defense in said action and to permit him to take his
judgment of foreclosure, but that he has not paid their claim,
and did not intend to pay it, when he made the agreement.
This does not constitute such fraud in obtaining the judg-
ment as entitled plaintiff to have it vacated.    There was no
concealment or misrepresentation as to any existing fact,
but plaintiffs contracted with full knowledge of every fact
pertaining to the subject of the agreement.    In consideration
of defendant's agreement to pay them the amount of their
claim, they agreed that they would not assert the priority of
their lien.    The effect of the agreement is that they waived
their lien, and accepted his agreement to pay the amount of
the debt in lieu of it, and in consideration of their waiver
he became legally liable for the amount of the debt.    The
question is not at all affected by the fact that he did not
intend to perform the agreement when he entered into it."
See, also, *McConkey v. Lamb, supra,* where it was also held
that an action would not lie under this section to set aside
a judgment rendered by agreement.    In the case at bar it
clearly appears that the judgment defendants agreed to have
the accounting after rendition of the judgment instead of
before.    If they have any remedy, it is not to undo what they
volutarily did.    It is upon the agreement, and must be in
the nature of an action to secure a credit on the judgment as
though for payments made, and in such an action the burden
would, of course, be upon them.

Looking at the matter from another point of view will aid in making plain the reasons for our conclusion. There is no evidence here, outside the mere lapse of time, that the bank did not intend, at the time of making the agreement, to fulfill its terms. It was entitled to a reasonable time in which to make such accounting. Defendants could not, therefore, have brought an action to vacate instantly upon the rendition of the judgment. If, then, after the judgment was rendered, there was any time when it was valid as against the defendants therein, it cannot be said there was fraud in obtaining it as contemplated in the statute under consideration.

IV. Another claim upon which a right to relief is predicated, and to which the third ground of demurrer applies, is "that there was no trial in the case to ascertain the amount due, and that said decree was entered by the court in pursuance of the stipulation." If this means, and we think it can only mean, that no evidence was introduced to show the amount due other than the stipulation signed by the debtors consenting to judgment for the amount prayed in the petition, we have only to say that no other evidence was needed to warrant the court's action.

V. After the demurrer was sustained, and the judgment rendered in the present proceeding against plaintiff for costs, a motion was filed by them to correct the various rulings and vacate the judgment given on demurrer. This motion was stricken from the files. It is claimed by plaintiffs the motion was filed under section 4105, Code 1897. However this may be, the order of the court striking it, while irregular,—for every motion should be considered on its merits,—amounted to no more than an order overruling it, and such an order, for the reasons already given, would have been proper. We see no cause for interfering with the judgment of the trial court, and it is therefore AFFIRMED.