M. V. HENDERSON, JR., Superintendent of Banking, Appellee, v.
FARMERS SAVINGS BANK OF HARPER, Appellee; TOWN
OF HARPER, Intervener, Appellant.

**APPEARANCE:** Acts Constituting—Filing Claims in Receivership. A
1   depositor in an insolvent bank who files his claim with the re-
ceiver thereby submits himself to the jurisdiction of the court, and
must take notice of subsequent proceedings relative to the allow-
ance of his claim.

**PARTIES:** Interveners—Forfeiture of Right. A party may not exer-
2   cise the right of intervention after the entry of judgment in an
action.

Headnote 1:   4 C. J. pp. 1335 (Anno.), 1349.   Headnote 2:   31 Cyc.
p. 520.

*Appeal from Keokuk District Court.*—D. W. HAMILTON, Judge.

NOVEMBER 11, 1924.

REHEARING DENIED APRIL 8, 1925.

APPEAL from order refusing intervention asking reclassi-
fication of a claim in receivership.—*Affirmed.*

*Charles C. Heninger,* for appellant.

*Hamilton & Updegraff,* for appellee.

ARTHUR, J.—I. The original action in which this interven-
tion was filed is one brought by the superintendent of banking,
for the purpose of liquidating the affairs of the Farmers Savings
Bank of Harper, Iowa.   In March, 1921, J. M. White was ap-
pointed receiver.   November 1, 1921, was fixed by the court as
the time within which all claims against the bank should be
filed.   Up to that date, claims of various kinds in the aggregate
of $135,421.29 were filed with the receiver, classified, and re-
ported to the court.   In Schedule A of the report were the claims
based upon deposits, as claims having a preference under Section

1877 of the Code of 1897. On September 10, 1921, the town of Harper filed its claim with the receiver, as follows:

"September 6, 1921. To balance of town funds $593.36 and interest from March 1, 1921, until paid."

On March 13, 1922, at the regular February, 1922, term of the Keokuk district court, an order was entered, fixing April 10, 1922, at 10:30 A. M. of said day, as the time for hearing and determining the claims, with the objections thereto, and objections and exceptions to the classification of claims made by the receiver in his report. It was ordered that the receiver give notice to all known claimants by publication in two specified newspapers published at the county seat of Keokuk County, at least ten days prior to the time set for hearing. Notices were published in accordance with the order. The report of the receiver was heard, and on May 22, 1922, the court entered an order in which he found and recited that:

"After due notice had been given, in compliance with the orders of this court, on all the creditors of said bank and the receiver, and the court having heard the evidence of all claims filed with the receiver, and also on the pleadings of the claimants filed herein, whether by objections to the report, claims against the bank and the receiver, or petitions of intervention, * * * approves the report of the receiver and allows all claims as recommended by him for allowance, and in the classifications as reported therein."

In the report of the receiver, so approved, under Schedule A, appears the claim above set forth of the town of Harper, which was approved and allowed as a depositor's claim, under Section 1877 of the Code of 1897. As will be observed from the claim above set forth, it was filed as an ordinary depositor's claim. No preference was asked or referred to, as provided by Section 3825-a, Code Supplement, 1913.

On September 21, 1922, the town of Harper filed what it styles an "Appearance, Application, Intervention and Objections to Report," in which, among other matters, it states that, in the receiver's report, the town of Harper is listed as the holder of a claim based upon a checking account in the sum of $593.36; that said claim represents a checking account for the money of said town received by said bank, said fund so received being

money belonging to said municipality arising from the collection of taxes; that said claim represents an indebtedness due from said bank and said receiver to said town for money assessed and levied as taxes for the benefit of said municipality; that said claim is entitled to preference in payment in accordance with the provisions of Division 2 of Section 3825-a, Code Supplement, 1913; that the order of court of March 13, 1922, fixing April 10, 1922, for hearing upon the report of the receiver, was of no force and effect, and was void for want of jurisdiction of the court to prescribe such notice; that no legal hearing was had upon said report as to the rights of intervener; that no default was entered upon said notice, as against intervener; that all hearings upon matters set forth in the receiver's report were ex parte, and without jurisdiction of intervener; that no general distribution has been made by the receiver, and the major portion of the funds arising from the assets of said bank are now in the hands of the receiver; that the rights of parties will not be unduly prejudiced by the intervention of claimant and its claim, properly classified under Section 3825-a, Code Supplement, 1913, as entitled to preference over general depositors; that intervener is entitled to a hearing upon its claim, under Section 3796, Code of 1897, providing that, where notice is had by publication, the case may be opened and a new trial had.

Claimant, intervener, moved to set aside the order entered in the original cause; that the notice given by publication be held for naught; that the order of court allowing intervener's claim as a depositor, under Code Section 1877, be set aside or modified; that said claim be entitled to have preference in accordance with the provisions of Section 3825-a, Code Supplement, 1913. On October 3, 1922, the receiver filed a motion to strike the pleading and motion of intervener to set aside the order entered March 13, 1922, approving the classification and allowance of intervener's claim, on the ground that the claim was filed as an ordinary depositor's claim; that the claim, among others, was heard without appearance or objections on the part of said town; and that the court approved the claim and its classification with other claims, in Schedule A of the report, as an ordinary depositor's claim. On December 2, 1922, the motion of receiver to strike was by the court sustained, and the motion

of the town of Harper to modify the former order of the court
and to reopen the case was overruled.  This appeal is from said
rulings.

II.  Questions presented are: Did intervener, by filing its
claim with the receiver as an ordinary claim of deposit, without
asking for any preference, submit itself to the jurisdiction of the
court; and, upon hearing of the report of the receiver, was it
bound by the order entered on the report, approving and allow-
ing the claim according to the terms and language of the claim?
Or was the receiver required to serve personal notice on claim-
ant of the time and place of hearing of the report of the receiver,
the same as provided for the commencement of civil actions, in
order to acquire jurisdiction?

The receivership had been instituted and the proceedings
for winding up the affairs of the bank were pending.  Of this,
claimant was advised.  It came into the jurisdiction of the court,
and filed its claim with the receiver.  It must
take notice of proceedings thereafter.  It had
filed its claim, and thereby submitted to the jur-
isdiction of the court; and no notice was necessary, to give the
court jurisdiction.  The notice given by the receiver of the time
and place of hearing claims is not a notice required by any
statute, but is a notice usually given to creditors, as a conven-
ience, and reasonable and beneficial, but not necessary in order
to give the court jurisdiction of claimants.  The court already
had acquired jurisdiction of appellant, along with other claim-
ants who had filed their claims with the receiver, and whose
claims had been presented to the court by the receiver.  The order
entered by the court approving and allowing the claim was with
jurisdiction, and was not void.

1. APPEARANCE:
acts constitut-
ing: filing claims
in receivership.

Appellant cites some cases holding that an order allowing
a claim in probate is not technically a judgment, and may be
corrected, set aside, or modified, for fraud, mistake, or equitable
reasons.  In the instant case, no claim is made
of fraud or mistake, and no equitable reasons are
pleaded.  The receiver classified and recom-
mended allowance of the claim as it was presented.  The order
allowing the claim was entered on May 22, 1922.  It was a final
judgment on said claim.  No appeal was taken by the town

2. PARTIES: inter-
veners: forfeit-
ure of right.

because the claim was allowed under Code Section 1877, and not under Section 3825-a of the Code Supplement, 1913. Not until September 21, 1922, was this intervention attempted. Section 3594, Code of 1897, provides:

"Any person who has an interest in the matter in litigation, * * * may become a party to an action between other persons, * * * either before or after issue has been joined in the cause, and before the trial commences."

In *Edwards v. Cosgro,* 71 Iowa 296, having before us the intervention statute, we said:

"It is very clear that this provision empowers a person to become a party by intervention, to an action or controversy between others, only during the pendency of the action. Under it he cannot come into the case after judgment or final order."

Appellant having filed its claim as an ordinary claim for deposit, and the receiver having classified the claim as such, and so reported it to the court, and the court having passed upon the claim and approved and allowed same, and the town having failed to intervene at the hearing on the claim, it could not, after such final hearing, intervene, and have reviewed and set aside the final order of the court made at the hearing. Neither was there abuse of discretion.

The court was right in dismissing appellant's petition of intervention. The judgment of the lower court is affirmed.— *Affirmed.*

EVANS, PRESTON, and FAVILLE, JJ., concur.