L. A. ANDREW, State Superintendent of Banking, Appellee, v. MARSHALLTOWN STATE BANK; SPURGEON MERCANTILE COMPANY, Appellant.

No. 39780.

DECEMBER 13, 1929.

*C. H. Van Law,* for appellant.

*C. H. E. Boardman,* for appellee.

ALBERT, C. J.—This claim grows out of the following facts: The Marshalltown State Bank closed its doors at 5 o'clock on the

14th day of April, 1926, and immediately went into the hands of  a receiver. On the day preceding, the Spurgeon Mercantile Company drew its check on the Marshalltown State Bank for $850, in favor of the First National Bank of Chicago, and on that date, the Chicago bank gave the Spurgeon Mercantile Company credit for the amount of the check, and forwarded the check, with others, to the Marshalltown State Bank for collection. This check, with the others, reached the Marshalltown State Bank on the 14th day of April, 1926, which bank marked the check "paid," and forwarded to the First National Bank of Chicago a draft therefor, drawn on the Merchants Loan & Trust Company of Chicago. This latter draft was not paid, because the Marshalltown State Bank closed on the evening of April 14, 1926.

Thereafter, the First National Bank of Chicago filed with the receiver of the Marshalltown State Bank a claim for this item of $850, together with numerous other items, and on July 31, 1926, this claim was heard before the court, and allowed as the claim of a general creditor. When the draft on the Merchants Loan & Trust Company was dishonored, the First National Bank of Chicago charged the check of $850 back to the account of the Spurgeon Mercantile Company.

In the receivership of the Marshalltown State Bank, the court made an order fixing August 1, 1926, as the time by which all claimants should present their claims, and on August 16th following, the receiver filed his report, classifying the claim of the First National Bank of Chicago as a general claim in the sum of $1,910.12. Notice was given by publication thereof, on order of the court, and the time was fixed for the hearing of objections and exceptions to the classifications so made by the receiver, and later, the receiver's report of classification was approved by the court. No objections or exceptions were made by the First National Bank of Chicago or the Spurgeon Mercantile Company to this classification. A general order had been previously made by the court, however, that the claims of depositors should be allowed as shown by the books of the bank, and if there were any variation between the claims made by the depositors and that shown by the books of the bank, claims must be filed therefor. At the time this order was made, the account of

the Spurgeon Mercantile Company was charged with this $850 check, as shown by the terms of said order.

On April 20, 1927, the Spurgeon Mercantile Company filed its application for reinstatement as a depositor in the amount of said check of $850. It is alleged in the application that the First National Bank of Chicago withdrew its claim of  $850, the amount of this check, after its claim had been allowed as a general claim. As the case is submitted on an agreed statement of facts, and such withdrawal is not referred to in such statement, it can receive no consideration in our disposition of the case.

The first question raised is that this application was filed too late. As above set out, the court ordered August 1, 1926, as the closing of the period for filing of claims against the receivership. Thereafter, the receiver filed his report classifying all of the claims, including that of the First National Bank of Chicago. Due notice was given by publication of such classification, and a time fixed for hearing objections thereto; and later, the court, without objections, approved the classification and allowance of the claim of the First National Bank.

Under the record, aside from the $850 in dispute, the Spurgeon Mercantile Company had other money on deposit in the Marshalltown State Bank at the time of its closing, and the court made an order that the claims of all depositors should be allowed as shown by the books of the bank. Under this order, whatever balance the Spurgeon Mercantile Company had in the bank was approved as a claim, without further filing of proof of claim with the receiver. But it also further provided that, if there should be any variation in the claims made by the depositors and the books of the bank, a claim must be filed therefor. The record shows that the Spurgeon Mercantile Company was advised that the First National Bank of Chicago had charged back against its account this check for $850. What, then, was the duty of the Mercantile Company, in so far as its claim against the receiver of the Marshalltown State Bank was concerned? It knew that this check had been charged back to its account, in accordance with the order of the court. It also knew that the Marshalltown State Bank had charged the check against its account in that bank. It was then its duty to file a claim for this $850,

in addition to the balance due it, as shown by the books of the bank. It failed to do so, and after notice by publication, fixing August 1st as the last day for filing of claims, it still did nothing in relation to said matter until the filing of this application, in April, 1927. Long before the time had expired for the filing of claims, the Spurgeon Mercantile Company knew that this check had been charged back to its account, and it was its duty to then file a claim therefor in the receivership. It failed so to do; hence it was not entitled to file this application for revival or reinstatement of its claim for this $850 after the time the court had fixed as the final day for filing claims.

The same principle controls here as controls the case of *Henderson v. Farmers Sav. Bank*, 199 Iowa 1156, and the ruling here made is controlled by the ruling announced in that case.

The district court correctly refused the application of the claimant.—*Affirmed.*

STEVENS, DE GRAFF, MORLING, and WAGNER, JJ., concur.