L. W. Spooner et al., Executors, Appellants, v. C. A. Blair et al., Trustees, Appellees.

No. 40284.

March 11, 1930.

*Rayburn & Rayburn,* for appellants.

*J. G. Shifflett,* for appellees.

Kindig, J.—The Grinnell Savings Bank was a banking corporation engaged in business at Grinnell until January 20, 1925, when the institution was closed because of insolvency, and

the state banking superintendent became receiver thereof, as provided by statute. Under order of court, entered January 29, 1925, April 1st thereafter was fixed as the maximum date during which creditors could file claims against the bank.

Negotiations were carried on by the creditors for the termination of the receivership, as contemplated by the 1927 Code in Sections 9239-a1, 9239-a3, 9239-a4, and 9239-a5, respectively, which read:

"9239-a1. If a majority of the creditors holding direct unsecured and unpreferred obligations of such bank in excess of ten dollars each, and totaling in the aggregate amount 75 per cent of all direct unsecured and unpreferred obligations, shall agree in writing to a plan of disposition and distribution of assets through sale to another bank, reopening, reorganization, or consolidation of the bank, the district court in which such receivership is pending, upon application of the superintendent of banking, may order a disposition and distribution, sale to another bank, or reopening, conforming in general to the provisions of such plan."

"9239-a3. Prior to ordering any such disposition or distribution of assets, the court or judge thereof shall fix the time and place of hearing upon said application and shall by order prescribe the kind and character of notice to be given to all creditors and stockholders."

"9239-a4. At such hearing the court shall determine the equities of all parties and also determine whether such disposition and distribution is for the best interest of the unsecured creditors. If the plan shall be approved, thereafter and until the assets are distributed, the court shall have power to make such requirements as in his sound discretion will conserve the assets and insure the distribution thereof as provided by law."

"9239-a5. If such disposition and distribution shall be ordered, compliance therewith shall be effected and the receivership concluded at the earliest possible date consistent with good business and at the least possible cost to the receivership. At the conclusion of said receivership, the receiver shall file his final report of his doings therein, so provided by law, together with such additional facts as the court may require."

On October 22, 1925, an agreement was signed by the un-

secured creditors, authorizing: First, that certain assets of the defunct bank's be turned over to the Grinnell State Bank, another institution in that city; and second, that the remaining assets (including the mortgaged premises hereinafter named) be transferred to the defendants-appellees, C. A. Blair, L. V. Phelps, and J. G. Shifflett, as trustees. In accordance with the agreement, the Grinnell State Bank, aforesaid, assumed 50 per cent of such unsecured claims, and the remaining indebtedness left by the defunct bank was to be liquidated under the scheme, so far as the assets in the trustees' hands would permit.

This plan was approved by the district court, and the respective properties were transferred by the receiver to the Grinnell State Bank and the trustees. Subsequently, on September 23, 1926, the receiver filed his final report, and was duly discharged by an order of court. At no time during the foregoing proceeding, within the limitation fixed by the court or otherwise, did the plaintiffs-appellants, L. W. Spooner and Will C. Rayburn, executors, or anyone else, file with the receiver the claim now in litigation. Hence this demand was not considered by the receiver, the other creditors, or the court, when the transfer aforesaid was made and the receiver discharged.

Those foregoing facts are contained in appellants' petition. That pleading, as before indicated, was attacked by appellees through a motion to strike. Contained within the motion are many grounds. Among them are: First, that the claim was not filed within the time fixed by the court order; and second, that the claim is not that of an unsecured creditor. Other grounds are named in the motion, but need not be discussed in this opinion.

As stated in the preliminary facts, appellants seek to establish against the trust funds held by the appellees a claim for $8,500, principal, and $1,956, interest, or so much of said principal and interest as may remain unpaid after applying thereon the proceeds from the foreclosure of the mortgage securing the note evidencing the indebtedness. All the claim was secured. Whether there will be a deficiency after exhausting the security will not be definitely ascertained until after the foreclosure sale. While an action has been brought to foreclose the mortgage, the proceeding is not completed, there has been no sale, and, at this time, there is no remaining deficiency judgment.

For the purpose of satisfying an indebtedness, E. A. Marsh, on or about May 27, 1913, conveyed to the Grinnell Savings Bank certain lands in Cerro Gordo County. Title was taken for the bank in the name of an officer, S. J. Pooley. Thereafter, the bank, through Pooley, borrowed from the appellants, in July, 1922, $8,500, and gave as security therefor the Cerro Gordo County land. Said sum, together with accrued interest, is the claim now in controversy.

By way of excuse for not having timely filed the claim, appellants state that a bank examiner in charge under the receiver paid one installment of interest, and upon that occasion, it is asserted, the examiner orally agreed that future interest would be promptly paid; whereupon, appellants allege, they accepted the interest offered by the examiner in charge, and waived their right to foreclose the mortgage at that time. Since the interest payment thus made by the examiner, there has been delinquency. Manifestly, however, there is no estoppel under the record, for it does not appear that the district court authorized the asserted agreement with said examiner in any manner or way. No record concerning the purported agreement with the examiner was made or presented to the creditors at the time the receivership was dispensed with and transfer of the assets made to the Grinnell State Bank and the appellees, trustees. Furthermore, it does not appear that the alleged agreement on the part of the examiner changed the status of the note and mortgage from its original existence.

There is presented, then, the problem to determine whether, under the circumstances, the district court properly sustained appellees' motion to strike appellants' petition containing the foregoing facts. Clearly, the district court had a right to fix the maximum time within which claimants could present their demands to the receiver. Orderly execution of the trust demanded that. Otherwise there would be confusion, uncertainty, and inequality. *Andrew v. Security Sav. Bank,* 203 Iowa 546; *Andrew v. Marshalltown State Bank,* 209 Iowa 277. Nevertheless, under proper circumstances, it is "within the discretion of the court to permit the claim to be presented and allowed after the expiration of the time fixed,—at least in the absence of any showing of prejudice." *Andrew v. Security Sav. Bank* (203 Iowa 546), supra.

Consequently, it is important here to decide whether the trial court abused its discretion in the premises. It is to be recalled that the appellants' claim is secured. Neither partial nor total waiver has been made of the security. Foreclosure was commenced, but has not been completed. A deficiency judgment does not exist at this time. Resultantly, during the period the claim legally could have been filed, and at all times since, the appellants have owned no unsecured claim. Appellants, during all the time for filing claims, were content to rely entirely upon their mortgage. Accordingly, the unsecured claims were fixed and determined, for the purposes of winding up the receivership and transferring the assets and liabilities to the Grinnell State Bank and the trustees, appellees, respectively. Naturally, because of the circumstances, appellants' note and mortgage were not included as an unsecured demand.

Under Section 9239-a4, supra, a hearing was had before the court, and authorization made of the transfer and settlement. Concerning this, the legislature, under said section, provided that:

"At such hearing the court shall determine the equities of all parties and also determine whether such disposition and distribution is for the best interest of the unsecured creditors * * *."

That determination was made by the district court, and judgment entered accordingly. Whereby, the claims which were to partake of the assets thus transferred were fixed and determined. Consideration in that proceeding was not given to appellants' claim on the theory that it was not secured, because the same was not presented as such.

Thus the status was fixed, and the defunct bank's assets turned over to the Grinnell State Bank and the appellees, trustees, in the manner and way previously indicated. Thereafter, within due time, the receiver made his final report, and accordingly was discharged, as provided by Section 9239-a5, supra. Up to that time, appellants' claim had not been filed. The presentation of that demand now, therefore, introduces a new element, which was not before the court when it adjudicated what unsecured claims should share in the assets involved in the distribution and disposition aforesaid. Had the additional claim been presented originally, the other unsecured creditors might

not have asked for such distribution and disposition, and the judgment of the court might have been different. So, after the entry of the judgment before described, it was too late for appellants to file their claim, under the facts presented in the petition. *Henderson v. Farmers Sav. Bank,* 199 Iowa 1156; *Andrew v. Marshalltown State Bank* (209 Iowa 277), supra. Upon the general subject, we said, in the *Marshalltown State Bank* case:

"It [the claimant] knew that this check had been charged back to its account, in accordance with the order of the court. It also knew that the Marshalltown State Bank had charged the check against its account in that bank. It was then its duty to file a claim for this $850, in addition to the balance due it, as shown by the books of the bank. It failed to do so; and, after notice by publication, fixing August 1st as the last day for filing of claims, it still did nothing in relation to said matter until the filing of this application, in April, 1927. Long before the time had expired for the filing of claims, the Spurgeon Mercantile Company [the claimant] knew that this check had been charged back to its account, and it was its duty to then file a claim therefor in the receivership. It failed to do so; hence it was not entitled to file this application for revival or reinstatement of its claim for this $850 after the time the court had fixed as the final day for filing claims. The same principle controls here as controls the case of *Henderson v. Farmers Sav. Bank,* 199 Iowa 1156, and the ruling here made is controlled by the ruling announced in that case."

Whether, under proper circumstances, a claim not included at the time such judgment for disposition and distribution was entered, could afterwards, in any event, be filed and allowed, we do not now decide or suggest. Although the examiner in charge made an interest payment, and suggested, without authority, that there would be no more delinquencies, yet such action and promise did not relieve the appellants from the duty of filing their claim within the time required. There are not here presented such equitable circumstances as warrant the redress demanded.

Wherefore, the judgment and decree of the district court should be, and hereby is, affirmed.—*Affirmed.*

MORLING, C. J., and STEVENS, ALBERT, FAVILLE, and GRIMM, JJ., concur.

EVANS, J., took no part.