HEADFORD BROS. & HITCHINS FOUNDRY COMPANY, Plaintiff, v.
ASSOCIATED MANUFACTURERS CORPORATION of America,
Defendant.

NATIONAL METAL PRODUCTS COMPANY, Claimant, Appellant, v.
J. E. ARMSTRONG, Receiver, Appellee.

No. 44190.

APRIL 5, 1938.

Pike, Sias, Zimmerman & Butler, for appellant.

Swisher, Swisher & Cohrt, for appellee.

MILLER, J.—Preceding the events involved in this controversy, J. E. Armstrong was appointed liquidating receiver of the Associated Manufacturers Corporation of America, and in compliance with an application by said receiver, the court entered an order fixing December 31, 1931, as the time on or before which creditors of said Associated Manufacturers Corporation of America could file proofs of claim with said receiver, or with the clerk of the district court of Black Hawk County, Iowa. On December 31, 1931, the Silvers Manufacturing Company filed its claim against said Associated Manufacturers Corporation of America, therein claiming that said concern was indebted to the claimant in the sum of $38,000 with interest. Thereafter, on February 13, 1932, said receiver filed with the court his report and classification of claims, attached to which was a schedule of claims showing (1) date of filing, (2) name of claimant, (3) amount of claim, (4) classification, (5) amount allowed preferred, and (6) amount allowed general; and under head of "Classification" each of said claims was given its particular classification, either as "general", "preferred", "disallowed", "paid", "part contingent", "part preferred", or "secured". In said report the receiver recommended the allowance or disallowance of the claims as classified in said schedule. The claim of Silvers Manufacturing Company in said schedule was classified as "disallowed". Upon the filing of said report the court entered an order fixing March 7, 1932, as the time when objections should be filed by claimants to said

report of classification of claims by said receiver, and further provided that notice thereof should be given all claimants by publication of notice, and by mail to all claimants whose claims were not allowed, at least ten days prior to said date of March 7, 1932. In accordance with said order, notice thereof was published, and likewise mailed to the Silvers Manufacturing Company on February 23, 1932. Therein all claimants were notified that there was then on file the report and classification of claims of said receiver, that unless they appeared thereto and filed any objections that they might have to said report and classification on or before March 7, 1932, that said report would be approved. No objections to said report and classification of claims were filed by the Silvers Manufacturing Company, and on June 27, 1933, the court entered the following order:

"And now on this 27th day of June, 1933, this case came up for hearing upon the report and classification of claims by the Receiver herein, and the Court being fully advised in the premises,

"It is hereby ordered by the Court that the claims filed against the said receivership be and the same are hereby allowed as classified by the Receiver herein except as to the claimants who have filed objections to said classifications of claims."

On April 17, 1937, said receiver filed his final report therein setting out in detail the various proceedings connected with said receivership, therein stating that all objections filed to the classification of claims had been disposed of, therein showing that all of the assets of said concern had been converted into cash, and therein said receiver asked the court to fix time and place for hearing on said final report, prescribe notice to be given thereof, and that said receivership be discharged. Attached to said final report was a list of general claims upon which dividends were to be paid, which list did not include the claim of the Silvers Manufacturing Company. An order was entered fixing April 28, 1937, as the time for hearing on said final report, and directing notice thereof to be given by publication, which notice was published as directed by said order.

Thereafter, on May 19, 1937, appellant herein, National Metal Products Company, filed a pleading designated "Objections to Receiver's Report of Classification of Claims, to Receiver's Final Report and Application for Order for Hearing

upon Claim" wherein appellant in substance alleged the facts as above set out; further alleged that, at the time of filing classification of claims by the receiver, one Samuel Silvers, the president of the Silvers Manufacturing Company, and the person who had been in charge of the books and accounts of the Silvers Manufacturing Company, was confined in the Federal Penitentiary at Leavenworth, Kansas, and continued so confined for several months thereafter; that on or about May 6, 1932, receivers were appointed for the Silvers Manufacturing Company; that said receivers, in accordance with directions of the court, disposed of the assets of the Silvers Manufacturing Company, and in so doing sold and assigned said claim of the Silvers Manufacturing Company to appellant on April 26, 1934; that appellant immediately advised the receiver herein of the fact of such assignment, following which said receiver in writing acknowledged the receipt of such assignment; that thereafter appellant received notices sent by the receiver to creditors concerning the sale of the assets of the Associated Manufacturers Corporation of America, and other matters; and that the president of the appellant had conversations with the receiver, wherein at no time was it suggested by said receiver that such claim was not a good, valid or subsisting claim, or that it had been disallowed or recommended for disallowance; that said claim is a valid and subsisting one; that the disallowance thereof is without reason or foundation; that there has been no distribution or liquidating dividend so far paid to creditors; that no injury has been occasioned by the delay in filing said objections; and that in fact no order of court has been entered approving the disallowance thereof. Appellant therein prays that a hearing be had upon the merits of its claim, that the report of the receiver recommending disallowance be not approved, that the final report be not approved, and that the claim of appellant be established in the amount as set forth in the original claim filed by said Silvers Manufacturing Company.

On May 26, 1937, the receiver filed his motion to strike and dismiss said objections, on the following grounds:

"1. That said objections were filed too late.

"2. That it affirmatively appears from said objections that at the time said objector received from the Silvers Mfg. Co. an assignment of the claim of said Company, said Company had no

claim against said Associated Manufacturers Corporation of America such as was entitled to participate in any distribution of the assets of said Company.

"3. That no facts are set forth in said objections constituting such equitable grounds as will justify the Court in setting aside the former orders of the Court and permitting a hearing upon said objections."

Said motion of the receiver to strike and dismiss the objections filed by appellant was submitted on June 7, 1937, and on July 15, 1937, the court entered its ruling thereon, the material part of said ruling being as follows, to wit:

"That the motion of J. E. Armstrong, Receiver of Associated Manufacturers Corporation of America, to strike and dismiss objections to receiver's report of classification of claims, to receiver's final report and application for order for hearing upon claim filed herein by National Metal Products Company of Waterloo, Iowa, be and the same is hereby sustained upon all grounds." And from that ruling appellant has appealed.

▌▌▌ Appellant contends that the claim of the Silvers Manufacturing Company was never in fact disallowed by the court, and in considering this contention we are confronted with an interpretation of the order of the trial court made on June 27, 1933, the pertinent portion thereof being as follows:

"The claims filed against the said receivership be and the same are hereby allowed as classified by the receiver herein except as to the claimants who have filed objections to said classification of claims."

It is contended by appellant that the phraseology thereof does nothing more than allow the claims that were approved by the receiver in said report, and does not result in the disallowance of any claim whatever, and that said order purposely left open and unadjudicated any and all claims which were not allowed by the receiver. In this connection it is to be recalled that the receiver in his report recommended the allowance or disallowance of all of the claims as classified by him therein, and that likewise the notice of the filing of said report of classification of claims specifically informed all claimants that, unless they appeared and filed objections thereto, said report would be

approved. It is evident therefore that it was the intention that the classification of claims in said report was to be approved in its entirety, unless objections were filed thereto. The word "allowed" as defined by Webster, means "to approve of", "accepted as true", "to approve", "to admit", "to concede"; and is likewise defined in 2 Corpus Juris 1154 as "to admit", "to adopt", "to approve", "to fix". The application of these definitions to the word "allowed" results in construing said phrase to mean that the classification of claims by the receiver was approved, and said order must therefore be construed to be an approval of the disallowance of said claim.

▮▮▮ Appellant contends that the court erred in its ruling on the ground that an order fixing time for filing claims or for hearing upon claims, or filing of objections to classification of claims, does not constitute a bar or final adjudication, especially when to reopen would allow a lawful claim, would do equity and not result in any prejudice. In support of this contention appellant places reliance upon the principle announced in Andrew v. Security Sav. Bank, 203 Iowa 546, 551, 213 N. W. 245, 247, wherein a petition of intervention was filed after the expiration of the time fixed for filing claims, and wherein is found the following language:

"The order fixing time for filing claims was for the purpose of enabling the court to liquidate the estate in an orderly and equitable manner. It was within the discretion of the court to permit the claim to be presented and allowed after the expiration of the time fixed,—at least in the absence of any showing of prejudice."

The clause as set out above is the only mention made by the court in that opinion concerning this question, and it is to be noted that said clause does not state that it is the duty of the court to permit a claim to be presented and allowed after the expiration of the time fixed, but that it was within the discretion of the court to permit the same to be done.

However, in Henderson v. Farmers Sav. Bank, 199 Iowa 1156, 1159, 200 N. W. 581, 582, this court was confronted with a situation very similar to the one involved herein. In that action the claimant, Town of Harper, filed its claim in the receivership, following which the receiver filed his report of classification of claims, therein classifying said claim as a depositor's claim. An

order was made fixing the time for hearing and determining the claims, with the objections thereto, and exceptions to the classifications as made by the receiver; notice of which was published, and claimant failed to file objections to the report. On May 22, 1922, the court entered an order approving the report of the receiver and allowing all claims as recommended by the receiver for allowance within the classification. Thereafter on September 21, 1922, said claimant town filed an "Appearance, Application, Intervention and Objections to Report", therein endeavoring to have the status of its said claim changed from a depositor's claim to one of preference. There, as in the instant case, the receiver filed a motion to strike the pleading of the claimant, which motion was sustained by the trial court. In affirming the action of the trial court the following language is used:

"Appellant cites some cases holding that an order allowing a claim in probate is not technically a judgment, and may be corrected, set aside, or modified, for fraud, mistake, or equitable reasons. In the instant case, no claim is made of fraud or mistake, and no equitable reasons are pleaded. The receiver classified and recommended allowance of the claim as it was presented. The order allowing the claim was entered on May 22, 1922. It was a final judgment on said claim. No appeal was taken by the town because the claim was allowed under Code Section 1877, and not under Section 3825-a of the Code Supplement, 1913. Not until September 21, 1922, was this intervention attempted."

In the case of Andrew v. Marshalltown State Bank, 209 Iowa 277, 227 N. W. 899, classification of claims had been made by the receiver which had been approved by the court after notice, following which one claimant filed its application for reinstatement as a depositor, which was inconsistent with the classification made by the receiver, and approved by the court; and therein this court, after setting out the facts, refers to the case of Henderson v. Farmers Sav. Bank, supra, stating that the ruling therein was controlling and that the action of the district court in refusing the application of claimant was correct. See, also, Spooner v. Blair, 209 Iowa 1113, 229 N. W. 826, 67 A. L. R. 1366; Leach v. City Com'l. Sav. Bank, 207 Iowa 1254, 219 N. W. 496.

An examination of these authorities results in the conclusion that there is no mandatory duty to permit a claim to be

presented and heard after the expiration of the time fixed, but that said matter is discretionary and depends entirely upon equitable circumstances in connection with each case. Orderly procedure demands that the orders of court be complied with, and it seems to us that generally such an order of classification, after proper notice, should be deemed a finality, and that the court should allow a reopening only in the exercise of the discretion vested in it when particular equitable matters or excuses are submitted whereby equity and good conscience demand the same.

 Being satisfied that there is no mandatory duty to permit a claim to be presented and heard after the expiration of the time fixed, we then proceed to determine whether or not the discretion of the trial court was wrongfully exercised on account of equitable matters shown in appellant's pleading. The determination of that question is, of course, to be controlled by the allegations of fact as set out in appellant's pleading. From examination of appellant's pleading, we are unable to find any fact therein that would constitute an excuse for the failure of the Silvers Manufacturing Company to file objections to the receiver's report and classification. The only allegation contained therein that might in any way be construed as an excuse, is the statement that ''Samuel Silvers, the president of the Silvers Manufacturing Company, and the person who had been in charge of the books and accounts of the Silvers Manufacturing Company, was confined in the Federal Penitentiary at Leavenworth, Kansas, and continued so confined several months thereafter, and that no objections to such report were filed by the Silvers Manufacturing Company by March 7, 1932.'' It is to be observed that nowhere therein is there contained an allegation that it was on account of the confinement of the president of said concern in the penitentiary that no objections were filed. Appellant simply makes the statement that the president was confined in the federal penitentiary, and that no objections were filed. There is not therein any claim to the effect that no other person possessed sufficient information to make objections, and likewise no claim that there was no other person connected with said concern who was familiar with its books and accounts, and likewise no claim by appellant that the incarceration of Samuel Silvers in any way handicapped or embarrassed said concern in filing objections to the receiver's classification.

The only additional matters set out in said application which might be claimed to constitute equitable grounds for permitting the claim to be heard, are the allegations therein contained relative to advising the receiver of the assignment of the claim, the acknowledgment thereof by the receiver and the conversations between appellant's president and the receiver. In this connection it is to be recalled that appellant did not become the owner of the claim until more than two years had elapsed from the date upon which objections should have been filed, and nearly one year had elapsed since the order of court approving the receiver's classification of claims. At the time the appellant became the owner of the claim, the same had been fully and finally disallowed. If at the time of its acquisition appellant had immediately filed the pleading that is now before us, it would then have been met with the same obstacle that now confronts it, such obstacle being the entire lack of any equities in favor of the Silvers Manufacturing Company which excused its failure to file objections; and the action of any court in then dismissing such an application as is now filed, would have been within the proper exercise of the court's discretion. It is also to be recalled that the pleading in question was filed nearly four years following the order of court approving the classification, and said pleading was filed just prior to the final distribution and winding up of the receivership. It does not seem to us that appellant has pleaded any facts constituting equitable grounds, sufficient to excuse the failure of the filing of objections on the part of the Silvers Manufacturing Company, and that the discretion of the trial court in this action was not abused.

■■■ Appellant likewise claims that following the order of June 27, 1933, other claims in the receivership were reclassified and that the refusal to now consider appellant's pleading upon its merits constitutes a discrimination. No claim of this nature was pleaded by appellant, was therefore not before the trial court, and is for the first time urged in this court. Citation of authority is not required to the effect that an appellant cannot be heard upon an issue here that was not raised before the trial court, and in fact, appellant in his argument practically concedes the same, as he states as follows:

"Although not perhaps at issue, in this appeal, the claimant presents in support of its attitude upon this point the fact

that the receiver, while contesting the claimant's request for a hearing of its Motion upon its merits, * * * reclassified sundry claims upon the same or a better classification than initially classified by him.''

Although convinced that the failure of appellant to raise that issue in the lower court precludes a review of the same here, we have nevertheless examined the record in connection therewith and find that in the original classification of claims by the receiver he reported that there were two claims filed and not classified by him for the reason that there were other claims of the same character as those two which would be the subject of a special report and application to the court, and therein the receiver specifically asked that action on those two claims be reserved by the court until the other claims of the same character were presented for consideration. Thereafter, on May 1, 1935, the receiver filed a special report, which special report was concerned only with claims for wages and salaries, and in which special report minor changes were made in the classification from general or preferred claims, as to wages and salaries, and we are satisfied that such reclassification of wages and salaries was in conformity with the reservation of the receiver in his original classification.

■■■ Appellant strenuously contends that the court erred in sustaining the motion to strike filed by the receiver herein, for the reason that appellant's pleading was in itself a motion, and that the ruling of the trial court therefore constituted the sustaining of a motion to strike a motion, which is improper and unknown to our practice, and in support thereof relies upon German Sav. Bank v. Cady, 114 Iowa 228, 86 N. W. 277; State v. Carvey, 175 Iowa 344, 347, 154 N. W. 931. These cases hold that a motion to strike from the files another motion is wholly unnecessary and is procedure not recognized by our practice. However, appellant at no place designated its pleading as a motion, but designated same as ''Objections to Receiver's Report of Classification of Claims, to Receiver's Final Report, and Application for Order for Hearing upon Claim.'' Regardless of such designation of its pleading, appellant contends that the same is in effect a motion, and in reliance thereon depends upon the definition found in Code section 11229, which is as follows:

''A motion is a written application for an order, addressed

to the court or to a judge in vacation, by any party to an action, or by anyone interested therein'', and contends that in view of the prayer attached to its pleading the same constitutes a motion.

It may be conceded that the portion of that pleading wherein appellant asks that a hearing be had upon the merits of its claim does constitute a written application for an order. Yet that pleading does more than constitute a written application for an order as it likewise consists of objections to the receiver's classification of claims, and to his final report. The receiver's motion to strike and dismiss is directed to the objections of appellant as set out in that pleading, and we are satisfied that the pleading in question does constitute more than a mere motion.

Heretofore we have treated this action as though we were considering only appellant's pleading and have reached the conclusion that same was filed too late, and that no equitable grounds existed which warranted reopening thereof. While the court in its ruling states ''that the motion of J. E. Armstrong receiver to strike and dismiss is sustained,'' we are convinced that the effect thereof was the dismissal of the objections of appellant to the receiver's report of classification of claims and to the receiver's final report; and likewise, a determination that appellant was not entitled to a hearing upon the merits of its claim.

In the case of Markworth v. State Sav. Bank, 212 Iowa 954, 965, 237 N. W. 471, 476, a motion to transfer to equity was filed and sustained. Thereafter the petition was amended and a motion filed asking that the cause be transferred back to the law calendar. To this motion to retransfer a motion was filed to strike. The trial court sustained the motion to strike the motion, and while no complaint was made as to the procedure adopted, this court in construing the court's ruling, states as follows:

''It is obvious from the foregoing, that the court considered the merits of the plaintiff's motion to retransfer the cause to the law side of the calendar, and that the ruling is in effect an overruling of said motion.''

Even if appellant's contention that his pleading constituted a motion be accepted, the action of the court in sustaining the motion to strike the same would be at most irregular, and on account of the fact that the effect of that ruling amounts to no

more than an order dismissing appellant's pleading, the same would not be erroneous.

In Mains v. Des Moines Nat. Bank, 113 Iowa 395, 403, 85 N. W. 758, 761, a motion was on defendant's motion stricken from the files, and complaint was made thereof. This court in commenting thereon states as follows:

"However this may be, the order of the court striking it, while irregular,—for every motion should be considered on its merits,—amounted to no more than an order overruling it, and such an order, for the reasons already given, would have been proper."

In view of the fact that we consider the order of the trial court in sustaining the receiver's motion to strike to be nothing other than an order dismissing appellant's pleading and application, we find no merit in this contention of appellant. Being satisfied upon the entire record that the trial court did not abuse the discretion vested in him the action of the trial court should be affirmed.

Appellee's motion to strike appellant's brief and argument and affirm, which motion was ordered submitted with the cause, is hereby overruled.—Affirmed.

ANDERSON, SAGER, HAMILTON, RICHARDS, MITCHELL, and DONEGAN, JJ., concur.