ALBERT RYAN, Appellee, v. CITY OF EMMETSBURG, Appellant.

No. 45278.

June 18, 1940..

E. F. Nefstead and Edward D. Kelly,. for appellant.

D. M. Kelleher, for appellee.

Oliver, J.—This appeal challenges the correctness of certain rulings upon motions in an action at law. The petition alleged plaintiff owned a 40-acre tract adjacent to Emmetsburg, upon which were his dwelling house and other buildings, and which constituted his homestead; that the City of Emmetsburg had constructed upon abutting property and was maintaining and operating a sewage disposal plant from which emanated foul, noxious and nauseous gases, vapors and odors, which spread over plaintiff's property, interfering with the peaceable, quiet and comfortable enjoyment of said premises, homestead and dwelling by plaintiff and his family and causing them to suffer nausea, discomfort and illness; that said conditions rendered the premises unfit for use as a dairy or dairy farm and interfered with its use as such and as a chicken ranch and for similar purposes; that said conditions have, are now and will in the future constitute a nuisance causing special injury to plaintiff and depreciation of his property.

"Plaintiff alleges that he has been damaged by reason of the premises, including damages for the permanent nuisance

heretofore described and including past, present and future damages in the amount of $12,500.00 * * *.''

Defendant first filed a motion to require plaintiff to make his petition more specific in two particulars. Both grounds of this motion were sustained following which plaintiff amended his petition.

Thereafter defendant attacked the petition as amended by motion to strike and for more specific statement. Two grounds of the motion to strike were addressed to the amendments and were based upon their failure to comply with the ruling of the court on the former motion to make more specific. These grounds of the motion were overruled and defendant assigns error to said ruling.

I. In considering this assigned error it may be noted that plaintiff took no appeal from the ruling on the first motion to make more specific. Instead he attempted to comply with it. Therefore, the correctness of the ruling on the former motion is not before us and our inquiry will be limited to the question whether the trial court erred in refusing to strike plaintiff's amendment for failure to comply with said ruling. Hunn v. Ashton, 121 Iowa 265, 96 N. W. 745.

The first ground of the motion sustained had required plaintiff to state what ''special injury'' he claimed to have suffered as alleged. The amendment stated, in substance, that the special injury was that the nuisance caused discomfort to plaintiff and family and the deprivation of their comfortable enjoyment of the home and homestead and that because of the immediate proximity of the sewage disposal plant the conditions complained of were more offensive and caused plaintiff special and peculiar injury and damage not suffered by other more remote property owners or the public generally.

We think the amendment substantially complied with the order. It sufficiently explained that the expression ''special injury'' was used in said paragraph for the purpose of defining plaintiff's claimed injury as a private injury suffered

specially by him as distinguished from others or the public in general.

The original petition alleged plaintiff had been damaged, including damage for the permanent nuisance and including past, present and future damages. The second ground of the motion sustained had required plaintiff to ''specifically state what sum he claims as damages for alleged 'past, present and future damages' and what sum he claims as damages for any other items, specifically specifying and detailing such other items of damages.'' It will be noted that plaintiff was not required to itemize his claim for past, present and future damages but only for other items. The effect of the ruling is not entirely clear. Whether there could be ''other items'' is questionable. Whether the claimed damage from permanent nuisance could have included anything in addition to past, present and future damages is likewise uncertain.

Plaintiff sought to comply with the ruling by adding an amendment which when considered with the paragraph amended may be construed as stating, among other things, that the only damages claimed were for the entire injury and were the past, present and future damages resulting from the permanent nuisance. Under this construction there would be no other items to be specifically detailed. The trial court in overruling the motion to strike the amendment apparently adopted this construction and in effect held the amendment satisfactorily excused further compliance with the former order. We conclude the record justifies this holding and that the ruling should be affirmed.

II. The remainder of defendant's motion was stricken. Error is predicated upon this ruling. One division of the motion was merely a renewal of the former motion for more specific statement. We have already held the amendments substantially complied with the order sustaining said former motion. In view of this holding a refusal of the court to again sustain the same motion would not constitute error.

Other paragraphs of defendant's motion sought to strike

various other portions of the petition upon the general ground that the same were irrelevant and immaterial, conclusions only and evidence only. In its brief defendant does not discuss the merits of these paragraphs of its motion or argue that they should have been sustained. However, we have examined the portions of the petition thus assailed and find that none of such portions should have been entirely stricken on account of any of the reasons stated in the motion. Therefore, overruling this portion of the motion would not have been error.

However, the court did not overrule the portions of defendant's motion referred to in this division. Instead plaintiff's motion to strike such portions was sustained. The error assigned to this ruling assails the procedure adopted. It is true that a motion to strike another motion is regarded as improper procedure. State v. Carvey, 175 Iowa 344, 347, 154 N. W. 931, 932; German Sav. Bank v. Cady, 114 Iowa 228, 230, 86 N. W. 277, 278.

An objection to a motion may be considered in the ruling on the motion itself. If a party desires to present such objection by a pleading this may be done by a resistance to the motion or other pleading in which no order is applied for.

But it does not follow that an order sustaining a motion to strike another motion constitutes error. The effect of an order striking a motion amounts to no more than an order overruling it. Such procedure is at most irregular and if an overruling order would have been proper the order to strike will not be erroneous. Headford Bros. & Co. v. Associated Corp., 224 Iowa 1364, 1374, 278 N. W. 624, 630; Mains v. Des Moines Nat. Bank, 113 Iowa 395, 403, 85 N. W. 758, 761. As above stated the overruling of the stricken portions of the motion in the case at bar would have been proper. Therefore, the order striking these portions of defendant's motion was not erroneous.

This conclusion renders unnecessary the discussion or decision of plaintiff's contention that these portions of defendant's motion were improper procedure under section 11135.1, Code of 1939, as a second motion assailing the same pleading.

We express no opinion as to the measure, elements or proper method of pleading damages in this case.

The ruling and order of the trial court is affirmed.— Affirmed.

HAMILTON, C. J., and HALE, SAGER, MITCHELL, RICHARDS, STIGER, MILLER, and BLISS, JJ., concur.