In the Matter of MAX WASSERMAN, Receiver, for an Order Directing JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, in Charge of the Affairs of the Bank of United States, to Turn over to Your Petitioner the Fund of Said Receiver.

Supreme Court, Kings County, April 3, 1931.

*David M. Palley,* for the petitioner.

*Carl J. Austrian,* for Joseph A. Broderick.

RIEGELMANN, J.   In an action for the foreclosure of a mechanic's lien the petitioner herein was duly appointed receiver of the rents and profits pending the action.   Subsequently he opened an account in form " Max Wasserman, Receiver," with the Bank of the United States and deposited to the credit of such account the funds collected by him as receiver.   From the time of the opening of said account on September 19, 1929, to and including December 9, 1930, there were recorded transactions representing 219 deposits to the credit of said account and 217 withdrawals by checks signed by petitioner as receiver.   On or about December 10, 1930, the Superintendent of Banks of the State of New York assumed charge and control of the affairs of the Bank of the United States, at which time there remained on deposit to the credit of the said account the sum of $8,036.66.

The petitioner, as such receiver, makes this motion for a summary order directing the Superintendent of Banks to turn over to him as such receiver this sum. He claims that the fund is a trust fund in the custody and control of this court and entitled to priority under subdivision 8 of section 188 of the Banking Law. The application is opposed chiefly on the ground that the relation of debtor and creditor and not bailor and bailee existed between the petitioner and the bank. The order appointing the receiver directs the retention of the fund until " the further order of the court," but contains no direction for the deposit of such fund, and in the absence of such direction no such duty was imposed upon the receiver.

Under the weight of authority it is permissible for a receiver, in the exercise of due care and caution, to deposit the funds collected in a bank of good standing, but if he does so, the nature of the transaction is to be determined by the general rules applicable to all deposits.

The distinction between a general and a special deposit is well established. The former is a deposit made generally, to the depositor's credit, to be drawn upon in the usual course of banking business. The funds so deposited become the property of the bank and the relation of debtor and creditor is established between the depositor and the bank. A deposit is special where it is made for safe-keeping and the sum deposited is to be kept intact, or where it is made for some specific purpose which does not contemplate a general credit account. If the deposit be special, the bank is merely in charge as custodian, the ownership remains in the depositor, and the bank has no authority to use the funds deposited. A special deposit partakes of the nature of a bailment where the identical funds are to be kept intact and returned upon demand. But a deposit also is special where a sum equivalent to the deposit is to be kept intact for the use of the depositor. (*Genesee Seminary* v. *United States F. & G. Co.*, 247 N. Y. 52, 55; *People* v. *City Bank*, 96 id. 32, 37; 3 R. C. L. 516, §§ 146, 150.)

The character of a deposit, as general or special under the rule above stated, is determined by the contract, either express or implied, made between the bank and the depositor. The papers presented on this motion do not disclose either an express or an implied contract effective to clothe the fund here involved with the character of a special deposit. So far as appears, no request was made that the funds deposited be kept separate from the other funds of the bank, the account was opened as a commercial account, and over 200 separate deposits and withdrawals, according to usual banking custom, were recorded prior to the assumption of control

by the Superintendent of Banks. Nothing is shown which justifies a finding that a trust relationship was established which deprived the bank of the right to use the funds so deposited as it used its general deposits. The facts here disclosed present all the characteristics of a general deposit. (3 R. C. L. 518, § 147.)

And the fact that a depositor, after his name, adds words descriptive of the capacity in which he holds the funds, such as executor, administrator, trustee, guardian and the like, does not make the deposit a special deposit. (3 R. C. L. 518, § 147; *Matter of Bologh*, 185 Fed. 825, 829.)

Moreover, the presumption is that a deposit is general and not special. (*Genesee Seminary* v. *United States F. & G. Co., supra.*) And the burden of proof is upon the one who asserts that a deposit is special. (*Matter of Franklin Bank*, 1 Paige, 249, 254.)

Under the general rules above stated, I think the deposit here involved must be deemed to be a general and not a special deposit. The bank was entitled to use the fund as it used the funds of its general depositors and the relation of debtor and creditor only existed between petitioner and the bank. No facts are presented which would justify a finding that the transaction between the petitioner and the bank created a bailment, where the identical funds or an equivalent amount was to be kept intact solely for the purposes of the depositor.

If this be so, the only question that remains is whether a general deposit, made by one holding a fund in a representative character, is accorded a preference or priority by the Banking Law over other general depositors. I think the answer must be in the negative. Priorities or preferences with respect to various funds deposited, and in various situations, are created by the Banking Law. (See §§ 32, 45, 70, 156, 188, 278, 414, 437, 456.) But generally, it will be noticed that such priorities are granted " on an equality with any other priority given by this chapter." No priority or preference expressly or by implication, it seems to me, is granted to a depositor merely because the fund deposited is held by him in a representative capacity. The enumeration in the Banking Law of specific instances in which priorities in payment are expressly granted negatives a contention of priorities by implication. The provision in section 78 that the Supreme Court shall by order specify what claims, if any, are entitled to priority of payment confers power to declare priorities existing under the act. No power, expressly or by implication, is conferred on the court to create priority. The preference specified in subdivision 8 of section 188, under which provision petitioner claims, refers to debts owing by the depository by reason of the deposit by receivers or like officers of funds paid into court

under the provisions of the Civil Practice Act. (*Henkel* v. *Carnegie Trust Company*, 213 N. Y. 185, 193.)

I see nothing in the amendments to the Banking Law since the above decision which changes the rule. That the court has no inherent power to adjudge a preference, not created by the act, on the ground of public policy, seems to be decided in *Matter of Northern Bank* (85 Misc. 594, 598; affd. on opinion below, 163 App. Div. 974).

The cases cited by petitioner are readily distinguishable. In those cases the relationship created by the transactions involved was that of bailor or bailee, or a relationship analogous thereto, and not that of debtor and creditor.

Motion denied.