L. A. ANDREW, State Superintendent of Banking, Appellee, v. FIRST TRUST & SAVINGS BANK OF SIOUX CITY, Defendant, et al., Appellants.

No. 41553.

JUNE 24, 1932.

SUPPLEMENTAL OPINION SEPTEMBER 30, 1932.

Henderson, Hatfield & Wadden, for appellants.

John Fletcher, Attorney-general, Earl F. Wisdom, Assistant Attorney-general, and Griffin, Griffin & Griffin, for appellees.

PER CURIAM.—This case was affirmed by operation of law on June 24, 1932, because of an equally divided court. A petition for rehearing was filed, and we are asked to give our opinion as to the legal right of the Superintendent of Banking of the state of Iowa, as receiver of such corporations, to make application to borrow money from the Reconstruction Finance Corpora-

1338

tion, and the power of the court to which such application is made, to grant such right and privilege.

The receiver we have to deal with in cases of this character is a statutory receiver, and not a general chancery receiver, and his rights and the power of the court over him are derived from statute.

Sections 9238, 9239, and 9242, Code, 1931, read as follows:

"If any such bank shall fail or refuse to comply with the demands made by the said superintendent, or if the said superintendent shall become satisfied that any such bank is in an insolvent or unsafe condition, or that the interests of creditors require the closing of any such bank, he may appoint an additional bank examiner to assist him in the duty of liquidation and distribution, whereupon the right of levy, or execution, or attachment against said bank or its assets shall be suspended."

"The superintendent of banking may apply to the district court for that district in which said bank is located, or a judge thereof, for the appointment of said superintendent as receiver for such bank, and its affairs shall thereafter be under the direction of the court, and the assets thereof after the payment of the expenses of liquidation and distribution shall be ratably distributed among the creditors thereof, giving preference in payment to depositors."

"The superintendent of banking henceforth shall be the sole and only receiver or liquidating officer for state incorporated banks and trust companies and he shall serve without compensation other than his stated compensation as superintendent of banking, but he shall be allowed clerical and other expenses necessary in the conduct of the receivership."

Section 9239 provides that "its affairs shall thereafter be under the direction of the court." When the superintendent of banking, acting under these sections, asks the court to appoint him as receiver, he thereby submits himself to the jurisdiction of the court, and thereafter all the affairs connected with the insolvent estate are under the direction of the court. One of the "affairs" involved in this receivership is the question of the proposed loan under consideration. We think the court had jurisdiction to entertain and consider the application, and we hold: First, that the superintendent of banking, as receiver, had

the right to make such application; and second, that the court had the power to pass upon and grant or deny the same.

The courts of sister states have had occasion to pass upon this proposition in the following cases, where the right of the superintendent of banking to make such loan from the Reconstruction Finance Corporation, as here proposed, has been approved: Blades v. Hood (N. C.), 164 S. E. 828; Bassett v. Merchants Tr. Co. (Conn.), 161 Atl. 789; In re Liquidation of Cashmere State Bank (Wash.), 13 Pac. (2d) 892.

All the Justices concur as to the law as announced in this Supplemental Opinion. We were equally divided as to the proper exercise of discretion of the lower court under the particular facts of this case, and as to that question only, we are still in equal division.

The petition for rehearing is overruled.—Overruled.