The People of the State of Illinois ex rel. Oscar Nelson, Auditor of Public Accounts of the State of Illinois, and Edward Barrett v. Farmers and Merchants State Bank of Mendota.

J. E. Steupfert, Intervening Petitioner, Appellee, v. William L. O'Connell, Receiver of the Farmers and Merchants State Bank of Mendota, Appellant.

Gen. No. 8,938.

Opinion filed August 19, 1935.

George V. B. Weeks, of Ottawa, for appellant.

Paul D. Perona and D. J. Campeggio, both of La Salle, for appellee.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

This is an appeal from a decree entered in the circuit court of La Salle county, Illinois, on the 28th day of January, 1935, allowing J. E. Steupfert, the intervening petitioner and appellee, a preferred claim against the receivership of the Farmers & Merchants State Bank of Mendota, in the sum of $1,000 and a general claim against said bank in the sum of $1,000. Said decree vacated, set aside and held for naught a former

decree entered in said court on the 31st day of October, 1932, allowing the intervening petitioner, J. E. Steupfert, a general claim in the sum of $2,001.54.

The auditor of public accounts of the State of Illinois, on or about the 13th day of January, 1932, took possession and control of the Farmers & Merchants State Bank of Mendota, Illinois, an Illinois state banking corporation. On the 18th day of February, 1932, he found that said bank could not be reorganized and should be liquidated through a receivership. On the same day he appointed Vincent J. Ream who duly qualified as receiver of said bank. A decree of dissolution and confirmation of the appointment of said receiver was entered in the circuit court of La Salle county, Illinois, on the 18th day of July, 1932.

On February 18, 1932, subsequent to the closing of said bank and the appointment of said receiver, the notice required by statute, that all persons having claims against said bank be notified and requested to present the same to said receiver and make legal proof thereof, was published under the signature of Oscar Nelson, auditor of public accounts of the State of Illinois, in the Mendota Reporter. This notice was published for 12 weeks, as provided by statute. This is shown by the auditor's notice, affidavit of publisher, and finding in decree approving claims.

The intervening petitioner, J. E. Steupfert, on the 27th day of April, 1932, presented his claim, in writing, duly executed by him and properly sworn to, in the sum of $2,001.54, as a general claim, which was designated claim 892. Said claim as so presented was filed with other claims in said receivership proceedings pending in the circuit court of La Salle county, Illinois. A decree allowing appellee's claim as a general one with numerous other general claims was entered in the circuit court of La Salle county on the 31st day of October, 1932.

On March 16, 1934, J. E. Steupfert filed his intervening petition in the circuit court of La Salle county in the receivership proceedings. He subsequently amended his petition on July 2, 1934. The amended petition alleges that prior to the time said bank suspended business on January 12, 1932, he had on deposit in said bank the sum of $2,000, represented by a certificate of deposit for that amount; that on January 12, 1932, he withdrew said deposit and afterwards purchased a draft in the sum of $1,000 drawn by the Farmers & Merchants State Bank on the First National Bank of Chicago, Illinois, payable to himself, and on January 12, 1932, indorsed said draft in blank and turned it over to Dorsey S. Dayton, of LaMoille, Illinois, receiver of the LaMoille State Bank; that on January 13, 1932, the said Dorsey S. Dayton presented it for payment and was advised it could not be paid because the Farmers & Merchants State Bank did not open for business on January 13, 1932. Said draft was afterwards returned to the appellee by the said Dorsey S. Dayton; appellee also had on deposit $1,000 in said bank.

Said amended petition further alleges that appellee's claim was erroneously allowed in the amount of $2,001.54 as general claim 892; that $450.34, as dividends, was paid on said claim; that the amount of said draft in the sum of $1,000 should be allowed as a preferred claim, less the payment of $225 heretofore paid as dividends thereon. The petition prays that said draft purchased on January 12, 1932, for $1,000 be allowed as a preferred claim to be paid in the due course of administration in this cause, less the payment of dividends of $225 heretofore paid thereon.

Appellant receiver answered said petition demanding strict proof of the allegations therein and denied that appellee was entitled to a preferred claim. This stood as an answer to said amended petition.

The cause was thereafter referred to the master in chancery of La Salle county to report his findings of law and fact. A stipulation as to facts was filed with the master July 13, 1934. It is in accord with the facts alleged in the amended petition and sets forth that William L. O'Connell is now the receiver of said bank; that the claim of J. E. Steupfert was No. 892 and allowed by an order of the court on October 31, 1932, for $2,001.54 as a general claim; that dividends of 31½ per cent had been paid on the claim.

The master in chancery found the facts the same as stipulated by the parties. He recommended to the court that appellee be allowed a claim against said receivership in the sum of $1,000 'as a general claim, and $1,000 as a preferred claim; that the general claim be credited by said receiver with $225.17 as dividends paid to appellee on said general claim, and that the preferred claim be credited with $225.17 as a payment from the receiver to appellee on the preferred claim; that the general claim heretofore allowed in the court in the sum of $2,000 in favor of said claimant be disallowed.

Appellant receiver filed objections to the master's report, objecting to the allowance of said preferred claim based on said draft in the sum of $1,000 and further objecting that the preferred claim in the sum of $1,000 allowed by the master was a vacation of the decree entered at a previous term of court allowing said claim, based on said draft, as a general claim, and that more than one year had elapsed since said decree was entered allowing said claim of $1,000 on said draft as a general claim. The master overruled the objections filed by the appellant receiver. An order was entered by the court that the objections filed to the master's report stand as exceptions thereto in said court. On January 28, 1935, after a hearing thereon, the court entered a decree approving the master's re-

port and vacated the decree entered October 31, 1932, allowing said claim of appellee as a general claim, and by said decree entered January 28, 1935, allowed appellee's claim in the sum of $1,000 evidenced by said draft, as a preferred claim to be credited with the payment of $225.17 in dividends, and allowed the balance of appellee's claim in the sum of $1,000 as a general claim to be credited with the payment of dividends in the sum of $225.17, the said preferred claim to be paid in due course of administration. From this decree the appellant receiver has appealed.

The appellant contends that the court erred in allowing appellee's claim as a preferred claim, as under the law he was entitled only to a general, or a common claim. It is our opinion that if the appellee at the time he filed his claim with the receiver of the closed bank had asked for a preference he would have been entitled to have his claim allowed as a preferred one. The appellant also insists that the appellee is guilty of laches by waiting until March 16, 1934, to file his intervening petition to vacate the decree of October 31, 1932, which decree allowed the claim founded on the draft as a general claim. Because of the conclusion which we have reached on a different point raised in this case, we refrain from discussing this assignment of error.

The most serious question raised by the appellant in this case is that the court was without jurisdiction to pass upon the intervening petition because the order or decree entered by the court October 31, 1932, was *res judicata* as to the rights of the parties and if the appellee did not wish to be bound by the order of the court on that date he should have appealed from that decision, but having failed to do so he is now bound by the former decision.

A part of paragraph 11 of ch. 16a, Cahill's Ill. Statutes, which is a part of the general Banking Act of this State, provides as follows: "The Auditor of Pub-

lic Accounts, shall, upon appointing a receiver, cause notice to be given by advertisement in such newspaper as he may direct, once each week for twelve consecutive weeks, calling on all persons who may have claims against such bank to present the same to such receiver and to make legal proof thereof, and in case the Auditor of Public Accounts, represented by the Attorney General's office, has instituted suit or proceedings for the dissolution or winding up of the affairs of such bank in the Circuit Court of the county where the bank is located, such persons or the receiver to whom such persons have presented their claims may present the same to the clerk of such court and the allowance or disallowance of such claims by said court in connection with the said proceedings shall be deemed an adjudication in a court of competent jurisdiction.''

Neither our Supreme Court nor Appellate Courts have had this question presented to them for adjudication or decision. The appellant and appellee have cited cases which have been of assistance to this court in arriving at a decision, but none of them has decided the precise question presented to this court for decision on this appeal. It is conceded that in this case several terms of the circuit court had elapsed between the time that the order allowing the claim as a general one was entered and the time the intervening petition was filed. It is the general rule that during the term at which a decree or judgment is entered the court has control over the record and for cause appearing it may amend its judgments, orders or decrees or set them aside, but after the term has expired it has no power to make any substantial amendment or set them aside. *Becker v. Sauter,* 89 Ill. 596. ''After the term has elapsed a decree may be corrected, upon motion, in matters of form or for mere clerical errors; but the court cannot after the term change the decision, set aside, modify or

annul its decree." *Tosetti Brewing Co. v. Koehler,* 200 Ill. 369.

Our attention has been called to cases arising in the county court in the matter of heirship, widow's award, and claims against estates, in which the court has held that under certain conditions it can vacate or modify its finding at a subsequent term other than the date of the original orders. In the case of *In re Estate of Turner,* 275 Ill. App. 366, the court was considering whether an order of a probate court setting aside its former order of heirship was an appealable order. They held in that case that it was not. The court in their opinion say: "The jurisdiction of the probate court over the estate of a deceased person is a continuing jurisdiction which remains with it until the estate is finally closed and distributed to the parties entitled to such distribution." It will serve no useful purpose for the court in this opinion to review the numerous cases, both Supreme and Appellate, that have passed upon this question. They all seem to agree that the county or probate court has generally unlimited jurisdiction in the matters of administration and in exercising such equity powers as are adapted to its organization and mode of proceeding. Such court, in the exercise of an equitable jurisdiction, may on motion at a subsequent term set aside its own order allowing a claim against an estate when a mistake or fraud has intervened. We have been unable to find any case in which a claim filed and allowed against an estate at one term, has at a subsequent term, been vacated or modified by the trial court except for fraud or mistake.

The appellant does not contest the appellee's contention that a claimant is not barred from filing a claim, after the order of court requiring claims to be filed. The court usually allows this to be done provided no rights have intervened that would be prejudiced by the

allowance of the claim. This is allowed on the theory that the claim has not been presented to the court for adjudication.

Our attention has been called to the case of *Miller v. Farmers' Exchange Bank of Gallatin,* a Missouri case reported in 67 S. W. (2d) 528. The Kansas City Court of Appeals in this case held that the claimant was not barred from having his claim changed from a common to a preferred claim after the lapse of two years from the date of allowance of the claim. An examination of this case discloses that there never had been an adjudication of his claim either as a common or preferred one by a court of competent jurisdiction. The practice in the State of Missouri is for the claimant to file his claim with the commissioner of finances who allows it either as a general or a preferred claim. His finding is recorded in the office of the recorder of deeds wherein the defunct bank is located. If the claim is not contested it is never presented to a court, for adjudication.

The case most often cited as sustaining the contention that the claimant can have his claim changed from a common to a preferred claim at a term of court subsequent to the time the order was made allowing the claim as a common one is *Standard Oil Co. of Kentucky v. Hawkins,* reported in 74 Fed. 395. The case of *Gwynn v. Spurway,* 28 F. (2d) 37, is also cited for the same purpose. These cases hold that the plaintiff having filed a claim as a general creditor of the bank and having received and accepted dividends as such, has not waived his right to claim that he is entitled to a preference in the assets of the bank and is not estopped thereby, from maintaining his suit to establish his claim as a preferred one. It will be observed that in each of these cases national banks were being liquidated. The rule for filing claims against a defunct national bank is entirely different from that which is

provided by statute in this State. The proper procedure in filing a claim against a national bank is to file it with the receiver who in turn presents it to the comptroller of the currency who either allows or rejects it as a proper claim against the defunct bank. The procedure as stated in the case of *Knox v. United States,* 111 U. S. 784, is, ''If the Comptroller is satisfied with the proof which is furnished to him, he can allow the claim, and when the allowance is made the creditor becomes entitled at once to participate in all dividends that may be declared. If the Comptroller declines to recognize the claim as valid, it must be established by the adjudication of some competent court before it can share in the distribution of assets. When adjudicated in favor of the creditor, it is established as a claim against the bank, and must be treated accordingly by the Comptroller.'' In the two federal cases just referred to it will be observed that there was no adjudication by a court of competent jurisdiction of the rights of the parties. Their claims had simply been filed and allowed by the comptroller as common claims.

Printed on the claim of the appellee filed with the receiver is the following: ''This instrument is filed with the above named Vincent J. Ream, Receiver, as a claim against the Farmers & Merchants State Bank, Mendota, Illinois, pursuant to the provisions of the banking laws of the State of Illinois. In the event that at any time hereafter, Oscar Nelson as Auditor of Public Accounts of the State of Illinois (or his successor in office) shall begin any suit in the Circuit Court of La Salle County, Illinois, upon the chancery side thereof, for the purpose of securing the aid and direction of said court in the settlement of matters incident to the liquidation of the above named bank, the undersigned claimant does now hereby state and agree that this instrument may be held, taken and considered as a general entry of appearance in any such cause by the

undersigned claimant for the purpose of permitting the above named Receiver to have the hereinabove claim adjudicated, approved and passed upon by said Court, and the pro rata dividend of the undersigned claimant thereon determined and or declared, and for all purposes in connection with the Receivership of said above named bank.'' It will be noted that the appellee by signing this claim entered his appearance and consented to have his claim adjudicated in the circuit court of La Salle county.

A reference to the latter part of the statute before quoted discloses that when the claims are presented to the court for allowance or disallowance by said court ''the said proceedings shall be deemed an adjudication in a court of competent jurisdiction.'' Webster's Unabridged Dictionary defines adjudication to be, ''a solemn or deliberate determination by a judicial power. To adjudicate means to make a judicial decision.'' In the case of *Owners of Land v. People,* 113 Ill. 296, 312, it is defined as follows: ''By adjudication is meant an application of the law to the facts; an authoritative declaration of results.'' When the legislature passed the law stating that when a receiver presented claims to the court for allowance or disallowance that the same should be deemed an adjudication in a court of competent jurisdiction, they must be deemed to have had in mind the legal effect of the word adjudication. When so used, this court will give the word adjudication the legal effect of a judgment.

The appellee in his intervening petition does not allege there was any fraud or mistake made in the allowance of his claim. He claims that the same was erroneously allowed as a general instead of a preferred claim. The appellee may not have been fully advised of his legal rights at the time he filed his claim or when the same was allowed as a general claim. He is not entitled to relief on account of being mistaken in re-

gard to his legal rights. The mistake must be one which concerns the entry of the order or judgment itself, rather than the erroneous conclusions as to the law or facts in the case.

It is our opinion that when the appellee, J. E. Steupfert, filed his claim with the receiver of the defunct bank and the same was allowed by the circuit court as a general claim, it was an adjudication of the rights of the parties and was a final and appealable order, and that the circuit court of La Salle county was without jurisdiction to vacate or set aside this order at a subsequent term of court.

The judgment of the circuit court of La Salle county is hereby reversed.

*Reversed.*