**Ora C. Baiar, Administrator of the Estate of John A. Baiar, Deceased, Appellee, v. William L. O'Connell, Appellant.**

Opinion filed March 6, 1936.

WILLIAM H. WARDER, of Marion, for appellant.

D. L. DUTY and L. A. COLP, both of Marion, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

On April 11, 1930, the State auditor closed the Citizens State Bank of Johnston City, and thereafter instituted a liquidation suit and had a receiver appointed.

April 4, prior to the closing of said bank, John A. Baiar was the holder and owner of two certificates of deposit issued by said bank in the sum of $10,875 and $700 respectively. John A. Baiar died in April, 1931, and letters of administration were issued to appellee. As such administrator, he filed an intervening petition in the liquidation suit and sought to have the amounts of the two certificates of deposit decreed to be a pref-

erence. The lower court granted the preference and the present receiver appealed from that order.

The only evidence tending to shed any light upon the transaction between John A. Baiar and the bank, relative to the two certificates, is found in the testimony of L. D. Hobbs, the cashier, who testified for appellee. Hobbs testified that prior to April 4, 1930, John A. Baiar had been a depositor in the Citizens State Bank and that on said date Baiar came to the bank with the two certificates; that he gave them to Hobbs and thereupon Hobbs executed and delivered to Baiar a receipt as follows:

J. City 4-4-30

RCD J. H. BAIAR
      Cert for              $10,875.00
                             700.00

                         $11,575.00

To Purchase Bonds

C. S. BANK
L. D. HOBBS,
Cashier

Hobbs said the certificates were given to him for the purchase of liberty bonds. The certificates were not introduced in evidence and their terms are not shown except as to the amount. Hobbs testified he did not remember as to whether Baiar had indorsed the certificates and there is no other evidence upon that subject. There is no evidence giving the substance of any statements made by Baiar in reference to his wishes as to the purchase of bonds nor the substance of any conversations between Hobbs and him relative to when the bonds should be purchased, the place or terms of purchase, or price to be paid. The record is silent as to any entries made by the bank in reference to the account. Hobbs did testify that the bank was closed April 11, and that the bonds were not purchased

and as a reason he said, ''We really closed before we had time to get them. Another reason, we were trying to conserve cash in order to keep the bank open.'' After the bank was closed, Hobbs, at the suggestion of the examiner in charge, delivered the certificates to Ora C. Baiar for delivery to John A. Baiar.

The material question is whether or not the transaction as testified to by Hobbs created a trust of the fund evidenced by the two certificates of deposit. The Supreme Court has repeatedly held that deposits are of two kinds, general and special. General deposits are those where the bank merely becomes the debtor of the depositor while a special deposit is one where a deposit has been made by special agreement or under circumstances sufficient to create a trust. *People v. Bates,* 351 Ill. 439; *People v. Farmers State & Savings Bank,* 338 Ill. 134; *Woodhouse v. Crandall,* 197 Ill. 104. To make a deposit a special one the bank must be made an agent or a trustee rather than a debtor and its agency or trusteeship cannot be created out of a mere external relationship of debtor and creditor unless the deposit is wrongful or the law forbids the bank becoming a debtor. *People v. Farmers State & Savings Bank, supra; People v. People's State Bank of Maywood,* 354 Ill. 519; *People v. Stony Island State Sav. Bank,* 358 Ill. 118.

Prior to the transaction on April 4 between Baiar and Hobbs, Baiar was the creditor of the bank for the amounts of the two certificates and the certificates were the promise of the bank as a debtor to pay those amounts upon proper presentation. Under the rules announced in the foregoing cases the title to the money then belonged to the bank and if the bank was closed during the existence of that relationship, the money evidenced by the certificates would be treated as a part of the general assets of the bank and Baiar would pro rate in the assets as a common creditor. Appellee, by his petition, claims that the result of the trans-

action between Hobbs and Baiar was a termination of the original relationship of debtor and creditor and the establishment of a new status, that of trustee and *cestui que trust*. The burden of proving that fact rested upon appellee and it is our conclusion that he has not made such proof. The mere delivery of the certificates to the cashier and the delivery of the receipt by the bank to Baiar with the statement by Baiar that he wanted to buy bonds would not be inconsistent with the continued relationship of debtor and creditor, and since there was no evidence of any directions to the bank as agent or trustee relative to the purchase of bonds and no entries made by the bank on its books changing the account, shows that it was the intention of the parties that the relationship of debtor and creditor should continue. Corroborative of this conclusion is the fact that Hobbs testified that one of the reasons for not having purchased the bonds before the bank closed was that "we were trying to conserve cash in order to keep the bank open." From this statement it would appear that the bank interpreted the transaction with Baiar as giving it the right to continue to hold the money evidenced by the certificates as a part of its general assets. Under the evidence, appellee was not entitled to a preference. The view as herein expressed is supported by principles announced in *Blakey v. Brinson*, 286 U. S. 254, 76 L. Ed. 1089, 52 S. Ct. 516, 82 A. L. R. 1288; *Howland v. People*, 229 Ill. App. 23; *People ex rel. Nelson v. Chicago Bank of Commerce*, 282 Ill. App. 155.

Appellant's answer to the intervening petition alleged that the claim had been filed by John A. Baiar in his lifetime and allowed as a common claim that appellee was estopped to have it established as a preferred claim. The evidence does not warrant a finding that the claim had been previously allowed as a common claim although there was testimony brought

out in cross-examination of appellee that such was the fact. If there was such an allowance then under the authority of *People ex rel. Nelson v. Farmers & Merchants Bank,* 281 Ill. App. 354, appellee could not recover under his intervening petition. His petition makes no reference to the formal allowance of the claim as a common claim and does not aver facts upon which such an allowance, if made, could be set aside. Appellee is entitled to participate as a common creditor and have his claim allowed as such and to the end, that his rights may be protected as a common creditor, the order of the circuit court allowing a preference is reversed and the cause remanded with directions to allow appellee's claim as a common creditor, if there is not an order of allowance already of record and if there is such allowance, to dismiss the intervening petition for want of equity.

The decree of the lower court is reversed, the cause remanded with directions.

*Reversed and remanded with directions.*