D. W. BATES, Superintendent of Banking, Plaintiff, v. NILES & WATTERS SAVINGS BANK, Anamosa, Defendant.

No. 44644.

1078

MAY 9, 1939.

B. E. Rhinehart, Rhinehart & McLaughlin, and George C. Gorman, for plaintiff, appellant.

James E. Remley and George C. Claassen for objectors, appellees.

SAGER, J.—The pleadings and discussions between the court and counsel as to what was actually in controversy cover thirty-four (34) pages of the abstract, and we have been to considerable labor to get to the kernel of this litigation. If we have correctly

apprehended, this appeal presents but two questions, though these have been amplified in argument to a number of divisions. The case of Bates v. Remley, 223 Iowa 654, 273 N. W. 180, deals in a large measure with the same facts as enter into the discussion here, and the statement there made by Stiger, J. makes it unnecessary that we go over them again.

The receiver in due course of the liquidation filed reports, among others, those designated as 16th, 17th, 18th, 19th, and lastly, his final report. Objectors protested against the examiner's fees and expenses listed and allowed in the early reports, and asked that as to these the record be re-examined to the end that only just compensation be allowed and any excess charged against the receiver. As to the final report, they object because no accounting is made of the so-called Clarke notes mentioned in Bates v. Remley, supra. In response to these objections the plaintiff denied generally, and further alleged that the salaries had been fixed by the superintendent of banking and approved by the court; that the salaries and expenses were reasonable; that Remley as objector has estopped himself from complaining of the failure to account for the notes; that the receiver was a public officer, not liable for his official acts or those of his assistants; that there was no negligence; and that the right to object was barred because not raised within the time fixed by paragraph 4 of Code 1935, section 11007.

We find it unnecessary to discuss in detail the objections based on the alleged excess of salaries and expenses of examiners in charge. These were fixed by the superintendent of banking as by statute provided at a certain sum per month and were approved by the court. The salaries so fixed were apportioned to the various banks in charge of each of such examiners. It is true that the approval of the court was ex parte, but this has been the general, if not universal, practice in matters of this kind. An examination of the record discovers no hint or claim that the court, in making these orders, was misled in any way or that attempt was made to mislead. Moreover there is nothing before us to justify the charge that the salaries and expenses were in fact excessive. The court was right in refusing to go back into these matters. Appellee's appeal is without merit.

On the plaintiff's appeal we likewise think the trial court was in error. We have heretofore pointed out that the superintendent of banking, as such, and the superintendent of

banking as receiver are juridically two persons. Bates v. Oxford Junction Sav. Bank, 221 Iowa 814, 267 N. W. 677; Bates v. Linn County Sav. Bank, Iowa, 277 N. W. 5; In re Receivership City-Commercial Sav. Bank, 210 Iowa 581, 231 N. W. 342. See also as bearing on the question: Andrew v. First Tr. & Sav. Bank, 214 Iowa 1337, 244 N. W. 394. Appellant says that the point was not raised nor discussed in these cases. Without stopping to argue, it is only necessary to say that there can be no uncertainty as to the position we have taken on this question. But it is further contended that the issue was not raised in the controversy before us. There is no substance to this complaint. The matter was brought directly to the attention of the court by the objections to the acts of the court's own officer. The court may well be assumed to have been acquainted with the members of its judicial household without proof of their identity or official functions. Plaintiff cites these provisions of Code 1935: Sections 1063 (10), 9130, 9131, 9154-a1 to 9154-a7, 9136, 9137, 9140, 9154-f3 and 9242. These and other sections which might be taken from the briefs have to do generally with banking affairs and more particularly the status, appointment, and powers of the superintendent of banking. It is claimed that the statutes in effect identify the superintendent of banking of the state of Iowa and such superintendent as receiver, as one and the same person, and that person a public official who may not be held responsible either for his own acts or those of his assistants.

After having made the objections above considered (and found unwarranted) and others which need not be considered here, appellee made this prayer:

"The objector asks that the approval of the report be denied, that O. U. Conwell be held personally responsible for his acts of negligence and that he be compelled to contribute to the trust for the sums lost; that the court find that the fees of O. U. Conwell were excessive and that he be required to return the excess; that the court appoint a disinterested party to bring suit in place of the receiver against O. U. Conwell and for the recovery of any other matters found to be due against O. U. Conwell."

On January 4, 1938, the objections were filed which recite:

" * * * that D. W. Bates individually and as receiver of Niles & Watters Savings Bank is personally liable for all of the defaults and negligence of the examiner in charge and all other employees of the receivership.

"Objector prays that an order be made for distribution not necessary for expenses on said hearing and that judgment be entered against D. W. Bates individually and as receiver of Niles & Watters Savings Bank as set out in the original objections and for relief as asked in the original objection."

Attorneys appeared for all interested parties and the cause went to trial on the objections. After overruling the objections to salaries and expenses, the decree of the court continues:

"IT IS THEREFORE, ORDERED AND ADJUDGED BY THE COURT that judgment be, and it is hereby rendered against D. W. Bates, Superintendent of Banking of the State of Iowa, and Receiver of the Niles & Watters Savings Bank of Anamosa, Iowa, for the sum of Eleven Hundred Forty-three and 77/100 Dollars ($1,143.77), being the amount due on said two A. J. Clarke notes * * * ."

No judgment or decree was rendered against Conwell or formal dismissal of the complaints against him.

We find in the record no evidence of wrongdoing on the part of Bates, either in his capacity as superintendent of banking, or as receiver of the defendant bank; so if a judgment or decree against him is to be sustained it must be by a finding of wrongdoing of the examiners in charge. And the case was tried on that theory. While there was much evidence taken on the question of the negligence of the examiners, the trial court apparently assumed that such negligence had been adjudicated, and determined beyond further review by Bates v. Remley, supra. The decree on that branch of the controversy reads:

"That the Supreme Court of Iowa has passed upon the question of negligence of D. W. Bates, as Superintendent of Banking and Receiver of the Niles & Watters Savings Bank of Anamosa, Iowa, and has found that said Bates, through his appointees, was negligent in not collecting the two certain promissory notes due from the estate of A. J. Clarke, deceased, which were among the assets of said bank, said notes being of the face value of $48.00 and $693.24, respectively, AND THE

COURT FINDS that D. W. Bates, as such Superintendent of Banking and Receiver, is liable to the trust for the present value of said notes, and the costs and expenses in connection with the former litigation thereon, and the hearing on the Objections of J. E. Remley, and others, Objectors, and the Objections of the Objectors are considered and sustained as to this item, and the Court refuses to approve said 21st and Final Report of Receiver in its present condition, or until said loss is paid to said trust.''

In its view that Bates v. Remley was controlling, the lower court was mistaken. The parties in that case are not the same as they are here nor are the issues identical; neither is the measure of proof required to support a petition to file a claim after the statutory twelve-month period necessarily the same as would be required to sustain a judgment based on negligence. Without further extending this opinion on this branch of the case, we are satisfied that the record is insufficient to find the examiner in charge negligent in the discharge of his official duties and since he was (in a sense) a party defendant, a failure on the part of the trial court to render a judgment may be assumed to connote a finding of freedom from fault on Conwell's part. If we be wrong in this we nevertheless find that the record demanded that result. The views expressed make it unnecessary that we decide whether the plaintiff appellant in his capacity either as a receiver or as superintendent of banking of the state of Iowa could in any event be held liable in proceedings of this kind.

Plaintiff's argument that objector's claim is barred by the statute of limitations under the provisions of section 11007 (4), Code 1935, is predicated upon an idea already rejected that the receiver, on the record before us, is a public officer within the meaning of that section.

Having found no sufficient foundation for the decree against plaintiff, we find that the court erred in holding him liable to account for the amount due on the Clarke notes. It follows that the case must be and is reversed on plaintiff's appeal, with instructions that the trial court enter its judgment and decree in conformity with the views herein expressed.

Affirmed on objectors' appeal; reversed on plaintiff appellant's appeal with instructions.

MITCHELL, C. J., and OLIVER, STIGER, HALE, MILLER, HAMILTON, and RICHARDS, JJ., concur.