L. A. ANDREW, Superintendent of Banking, Plaintiff, v. UNION SAVINGS BANK AND TRUST COMPANY, Defendant; N. P. BLACK, Receiver, Appellee; SCOTT COUNTY, Claimant, Appellant; HAROLD F. THUENEN, Intervener, Appellant; EDWARD A. DOERR, Intervener, Appellee.

No. 47046.

482

JUNE 17, 1947.

Clark O. Filseth, County Attorney, and Martin D. Leir, Assistant County Attorney, for Scott County, appellant.

Harold F. Thuenen, of Davenport, pro se.

Bernard F. Balluff, of Davenport, for appellee.

Edward A. Doerr, of Davenport, pro se.

Hays, J.—On December 28, 1932, a decree was entered in the Scott County District Court adjudging the Union Savings Bank and Trust Company, of Davenport, Iowa, to be insolvent. L. A. Andrew, Superintendent of Banking of the State of Iowa, was appointed receiver thereof. N. P. Black, Superintendent of Banking of the State of Iowa, was later substituted, and qualified, as receiver of said bank, and is now so acting.

On the said December 28, 1932, upon the application of the receiver, an order was entered in said cause entitled, "Order Allowing Certain Claims and Fixing Time For Proof of Other Claims, and Allowance of Offsets." Said order "adjudged and decreed" that deposits, checking accounts, savings deposits, and all deposits represented by certificates of deposit, both time and demand, except certificates issued for money borrowed for said bank, as the same appeared on the books of said bank, *"are hereby allowed in the amounts and to the individuals as shown by the said books.* Said claims being allowed * * * *without further proof thereof.* Provided, however, that should any depositor whose claim is so allowed claim any additional sum or sums over and above the amount so shown by the books of said bank, then said depositor shall be required to file claim for said excess amount as other claimants within the time limit as herein otherwise provided." (Italics supplied.) The order then set March 30, 1933, as the time limit for filing claims and provided that claims not filed by said date would be disallowed. Published notice, directed "To the Creditors of the Union Savings Bank & Tr. Co., of Davenport, Iowa," containing in substance the provisions of above-mentioned order, was prescribed and given.

On November 16, 1946, the receiver filed in said cause an "application and order relating to uncalled-for dividend checks and funds represented thereby." This application states that the receiver desires to close said trust and proposes to deposit said funds, represented by uncalled-for dividend checks, as provided by section 682.31 et seq., Code of Iowa, 1946, unless it should appear that depositors who have called for their dividend checks may have a superior claim to said funds which are reasonably certain to escheat to Scott County. This application

was set for hearing on December 16, 1946, and published notice prescribed and given to:

"(a) All depositors of the Union Savings Bank and Trust Company, (b) All persons having claims against the Receiver * * * based on deposits in said bank, (c) All persons claiming by, through, or under those persons described in (a) and (b) above, and (d) Scott County, Iowa."

In this same order the court appointed Edward A. Doerr, attorney, to represent those who have called for their dividend checks, and Harold F. Thuenen, attorney, to represent those who have not called for their dividend checks.

On December 6, 1946, Scott County filed a resistance, claiming a contingent interest in said funds under section 682.31 et seq., Code of Iowa, 1946.

On December 13, 1946, Thuenen intervened on behalf of depositors who have not claimed dividend checks, claiming vested rights therein under the order of December 28, 1932, and sections 528.33 and 682.31 et seq., Code of Iowa, 1946.

On December 13, 1946, Doerr intervened on behalf of depositors who had claimed their dividend checks, claiming said funds on their behalf as a matter of equity and based on the maxim that "Equity aids the vigilant, not those who slumber on their rights."

The record of said hearing on December 16, 1946, shows deposit claims totaling $6,924,019.15 were allowed in accordance with the December 28, 1932, order. Seventy per cent of this liability has been paid by dividends and a final five per cent dividend is available. Uncalled-for dividend checks, December 16, 1946, total $65,283.32. Of this amount $47,625.92 represents dividend checks on deposit claims in respect of which the holder of the claim has not called for any dividend check. $17,657.40 represents dividend checks on deposit claims in respect of which the holder of said claim has called for one or more, but less than all of said dividend checks. The receiver, in spite of extreme efforts to do so, has been unable to locate the owners of said funds represented by checks for dividends totaling the said $65,283.32.

On December 23, 1946, the court entered an order modifying the order of December 28, 1932, to the following extent only:

"The holder or claimed holder of any such claim in respect of which no single dividend payment has, prior to the date hereof, been made by the actual delivery of a dividend check * * * shall on or before the 24th day of January, 1947, either (a) appear * * * prove his identity * * * and actually receive all dividend checks * * * or (b) file claim in this Court. Failing such action * * * all such claims shall on the 25th day of January, 1947, stand forever barred and disallowed and the amounts of dividend payments which otherwise would be made thereon shall be paid pro rata to other deposit claimants. * * * Any and all claims which shall stand disallowed and barred pursuant to the foregoing * * * shall be eliminated from the records of the Receiver and the Receiver's deposit liabilities shall be adjusted accordingly."

The order provided for notice and dismissed the Thuenen intervention and overruled the Scott County resistance. From this order this appeal was taken. A brief and argument was filed by Scott County, appellant, in which appellant Thuenen joins. Brief and argument was also filed by appellee Doerr. None was filed on behalf of the receiver, appellee. The absence of citation of authorities upon the questions involved is particularly noticeable in said briefs.

Three propositions are relied upon for a reversal: (1) that the order of December 28, 1932, was a finality and not subject to a later modification (2) that as between creditors of the same class there can be no discrimination in requirements of proof of claim nor can one creditor be preferred over another of the same class (3) that sections 682.31 to 682.42, both inclusive, Code, 1946, specifically direct the disposition of undistributable funds remaining in the receiver's hands upon termination of the receivership.

■ I. First, appellants' proposition No. 3, section 682.31, Code, 1946, provides in substance that when any administrator, guardian, trustee, or referee desires to make final report and has in his possession funds due to persons whose residence is

486

unknown to him, he may, upon order of court, deposit said funds with the clerk of the court. Section 682.42, Code, 1946, in fixing the time within which funds deposited with the clerk may be claimed by the owner, specifically mentions, "or any fund which has been deposited with said clerk in connection with the liquidation of any bank, trust company, or other corporation." There can be no question, unless it be for the order here under consideration, but that the fund of $47,625.92 in the receiver's possession is covered by above-cited statutes. Such is admitted by appellee Doerr in his argument.

However, it will be noted that under the provisions of the order in question, "any and all claims which shall stand disallowed and barred * * * *shall be eliminated from the records of the Receiver and the Receiver's deposit liabilities shall be adjusted accordingly.*" (Italics supplied.) Appellee thus contends that this fund ($47,625.92) ceases to be a fund which "cannot be paid to its rightful owner" and hence the sections above cited do not apply. This unquestionably is the intent, purpose, and effect of the order in question and, if the order is one which the trial court had power to make, an affirmance must follow. It likewise is clear that, if such order was in excess of the trial court's authority, sections 682.31 to 682.42, both inclusive, are applicable and must be complied with.

II. Appellants further contend that the order in question constitutes a discrimination in requirement of proof of claims between creditors of the same class and establishes a preference to one creditor over another of the same class. "Discriminate," as defined in Webster's New International Dictionary, Second Ed., means: "To separate by discerning differences; to distinguish." As defined by appellee in his brief, it means: "Different treatment without any sound basis of classification for the differing treatment accorded." That a "different treatment" is the effect of the order is in effect conceded by appellee. The "sound basis of classification for the differing treatment" is, according to appellee, "that some claimants have appeared and claimed their money. The others have not." This contention is not tenable.

This receiver was appointed under the statutory authority

of chapter 189 of the Acts of the Fortieth General Assembly, which constitutes a complete code of law and procedure within itself. The general provisions of our statutes dealing with chancery receiverships are not applicable. See Leach v. Exchange State Bk., 200 Iowa 185, 203 N. W. 31; Priest v. Whitney L. & Tr. Co., 219 Iowa 1281, 261 N. W. 374; Andrew v. First Tr. & Sav. Bk., 214 Iowa 1337, 244 N. W. 394.

Section 9239, Code, 1931 (section 528.33, Code, 1946), definitely prescribes the manner of distribution of funds in the possession of a receiver of a closed bank. It provides:

"The superintendent of banking may apply to the district court * * * for the appointment of said superintendent as receiver for such bank, and its affairs shall thereafter be under the direction of the court, and *the assets* thereof * * * *shall be ratably distributed* among the creditors thereof, *giving preference* in payment *to depositors.*" (Italics supplied.)

It is a well-recognized principle that the rights and liabilities of all parties involved in receivership matters are to be determined as of the date of the appointment of the receiver, in this case, December 28, 1932. Andrew v. American Sav. Bk. & Tr. Co., 217 Iowa 657, 251 N. W. 48. The original order was in accordance with this principle. The duty of the receiver was clear. He must give preference to depositors, under the terms of the statute. Who were depositors was determined as of the date of the receivership, and if within the term "depositor," each was entitled to "ratable distribution."

It is also a well-recognized rule that in the administration of receiverships, the maxim "equality is equity" prevails. 45 Am. Jur., Receivers, section 239; 2 Pomeroy's Equity Jurisprudence, Fifth Ed., 154, section 410. This must apply with equal force both to the mechanics of proof as to who is a depositor, as well as to the distribution, once a depositor's rights have been determined. The rule adopted by the trial court in the original order of December 28, 1932, was in accordance with this maxim.

Appellee seeks to uphold the order in question under the familiar maxim that "Equity aids the vigilant, not those who slumber on their rights." This maxim is well recognized and

often applied by courts of equity. When the rights of parties are to be determined by their acts and conduct, and when, due to a failure upon the part of some to act, the rights of others are thereby injured, the maxim applies. Those who have acted are protected as against those who have not. However, in the instant case, the maxim is not applicable. Here all the parties have acted by becoming depositors prior to the receivership. Under the statute they are at once entitled to "ratable distribution," determined as of the instant of the receivership. As between depositors themselves, as to their rights to participate in the trust assets, their rights are determined. The court of equity having supervision of the affairs of the receivership has the power to lay down rules governing the method or procedure in determining who may or may not be a depositor. This the court did and in so doing followed the maxim that "equality is equity." By the order made, the proof required of all creditors of a given class was identical: it was equality; it was equity. Under the rule adopted by the court in its original order, all parties received no more, or no less, than they were legally entitled to receive. As between depositors it is immaterial, so far as a ratable distribution is concerned, whether some accepted their dividend checks or did not accept them. As to those depositors who accepted their checks, it is immaterial whether other depositors receive theirs or whether they eventually escheat to Scott County. Neither is it a matter of concern to the trial court, as the legislature has spoken on this subject and has provided for what may be an escheat. If an escheat is inequitable, as may possibly exist here, it is for the legislature to act, not the courts, as "equity follows the law." Under the order made on December 16, 1946, the trial court clearly discriminated between creditors of the same class by attempting to create different classes within the statutory class of depositors. It was in substance creating a priority not prescribed by statute, this being a statutory receivership. Andrew v. First Tr. & Sav. Bk., 214 Iowa 1337, 244 N. W. 394. That a court has no inherent power to adjudge a preference in payment of the assets of an insolvent bank, see Wasserman v. Broderick, 140 Misc. 174, 250 N. Y. Supp. 84; 3 Michie on Banks and Banking, 314, 315, section 163.

■ III. While this appeal might well be determined under Division II above, both appellants and appellee have presented for our determination another proposition which is squarely raised by the issue. We feel we should determine the question thus raised.

Appellants contend that the order of December 28, 1932, allowing claims of unsecured creditors, as shown by the books of the bank, without further proof thereof, is a final adjudication and not subject to later modification by the court. This question does not appear to have been directly before the court prior to this appeal. Appellee contends said order was ex parte and in no sense an adjudication. In support thereof are cited Iowa cases to the effect that under proper circumstances it is within the discretion of the court to permit the claim to be presented and allowed after the expiration of the time fixed. These authorities are not in point. .

The order of December 28, 1932, was at the time ex parte, in that no notice was had upon any of the creditors of the bank, except such notice as would result from the order of appointment of the receiver. See 45 Am. Jur., Receivers, section 179. However, the order prescribed notice to be given to all parties as to the contents of the order thus entered and gave until March 30, 1933, to file objections. The form of order used, while not statutory, was the one generally in use in this state in these matters. In Tennessee, by statute, filing of claims, where shown by the books of the bank, was not required and it is there held that the allowance of such claims was entitled to be treated as a judgment. State ex rel. McConnell v. Park Bk. & Tr. Co., 151 Tenn. 195, 268 S. W. 638, 39 A. L. R. 449. In Baker v. Williams Banking Co., 42 Or. 213, 70 P. 711, the court, in the course of distribution of the insolvent estate, made an order approving and allowing certain claims and it was held to that extent to be final and conclusive as to the validity on parties or privies. See, also, Upham v. Bramwell, 105 Or. 597, 209 P. 100, 210 P. 706, 25 A. L. R. 919; People ex rel. Nelson v. Farmers and Merchants State Bk., 281 Ill. App. 354. Where the court, upon the recommendation of the receiver, allows a claim, or where the claim is allowed by the superintendent of

banks, with the approval of a court, the order of allowance is equivalent to a judgment. Braver, Liquidation of Financial Institutions, 1229, section 1062; 9 Zollmann, Banks and Banking, Perm. Ed., 506, 507, section 6512.

In Andrew v. Marshalltown State Bk., 209 Iowa 277, 227 N. W. 899, this court had a somewhat similar question before it. There the depositor had, aside from the $850 in dispute, other money on deposit at the time of the receivership. The court made an order that the claims of all depositors should be allowed as shown by the books of the bank. Under this order whatever balance depositor had in the bank was approved as a claim without further filing of proof of claim. It also provided that, if there should be any variation in the claims made by the depositors and books of the bank, a claim must be filed therefor. After the time for filing had expired, claimant filed for an additional amount. It was held too late and the additional claimed sum was denied. The court cites Henderson v. Farmers Sav. Bk., 199 Iowa 1156, 1160, 200 N. W. 581, 583, stating that the same principle controls here as in said Henderson case and that the ruling there controls here.

In the Henderson case, supra, we said:

"Appellant having filed its claim as an ordinary claim for deposit, and the receiver having classified the claim as such, and so reported it to the court, and the court having passed upon the claim and approved and allowed same, and the town having failed to intervene at the hearing on the claim, it could not, after such final hearing, intervene, and have reviewed and set aside the final order of the court made at the hearing."

In Leadville Coal Co. v. McCreery, 141 U. S. 475, 12 S. Ct. 28, 35 L. Ed. 824, it was held that where notice is given to all creditors to prove their claims against a receiver, and a creditor has notice of the proceedings, but fails to make proof of his right, the decree in respect to such claims is final and the matter is not open to further and subsequent inquiry.

In Bates v. Niles & Watters Sav. Bk., 226 Iowa 1077, 285 N. W. 626, the court recognized the universal practice of ex parte orders and refused to examine a question of fees, thus allowed, in the absence of a showing of fraud.

In Headford Bros. Co. v. Associated Mfrs. Corp., 224 Iowa 1364, 1371, 278 N. W. 624, 628, we said:

"Orderly procedure demands that the orders of court be complied with, and it seems to us that generally such an order of classification, after proper notice, should be deemed a finality, and that the court should allow a reopening only in the exercise of the discretion vested in it when particular equitable matters or excuses are submitted whereby equity and good conscience demand the same."

In the instant case, the order of December 28, 1932, by its terms allowed all deposit claims as shown by the books of the bank. Each claimant, depositor and otherwise, was advised of this action by the court. Each claimant was granted until March 30, 1933, to take exceptions to such allowance. Whether depositors were notified of this action by the court prior thereto or not, each was notified immediately thereafter. By not objecting or intervening in said cause prior to March 30, 1933, such allowance became a finality on that date, at least, insofar as it entitled each depositor to participate pro rata in distribution. Where the court has allowed claimants to establish claims after the time for filing has expired, as in the authorities cited by appellee, no right of the other depositors to share pro rata on a basis of their established claim is taken from them. Such action affects only the total number of depositors entitled to participate on a pro rata basis. We hold that, at least as of March 30, 1933, the order of December 28, 1932, became a final adjudication and was not subject to modification, under this record, on December 16, 1946.

The order appealed from, being erroneous, the same is— Reversed.

OLIVER, C. J., and BLISS, GARFIELD, HALE, MANTZ, MULRONEY, and SMITH, JJ., concur.